**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Master File No. 20-cv-08585-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN J. MURPHY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

John J. Murphy ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Turquoise Hill Resources Ltd. ("Turquoise Hill" or the "Company") securities between July 17, 2018 and July 31, 2019, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.  FACTUAL BACKGROUND[1]

Turquoise Hill is an international mining company. Its principal and only material resource is the Oyu Tolgoi copper-gold mine in Southern Mongolia. Rio Tinto plc and Rio Tinto Limited are operated and managed as a single economic unit. Through their subsidiaries, Rio Tinto owns 50.8% of Turquoise Hill. Rio Tinto's subsidiary, Rio Tinto International Holdings, Inc., is also the manager of the Oyu Tolgoi project.

On February 26, 2019, after the market closed, Turquoise Hill announced that "there was an increasingly likely risk of a further delay to sustainable first production beyond Q3'21." In the press release, the Company attributed the "likely risk" to productivity delays in completing Shaft 2 and "challenging ground conditions that have had a direct impact on the project's critical path.

On this news, the Company's stock price fell $0.27, or nearly 13%, to close at $1.83 per share on February 27, 2019, on unusually heavy trading volume.

On July 15, 2019, after the market closed, Turquoise Hill announced further delays and cost increases. Specifically, sustained first production would be delayed until at least May 2022 and "the development capital spend for the project may increase by $1.2 to $1.9 billion over the $5.3 billion previously disclosed."

On this news, the Company's stock price fell $0.47, or approximately 44%, to close at $0.60 per share on July 16, 2019, on unusually heavy trading volume.

---

[1] This section has been adapted from the complaints filed in the member actions of the above-captioned consolidated action.

On July 31, 2019, after the market closed, the Company disclosed a $600 million impairment charge and a substantial "deferred income tax recognition adjustment" related to the Oyu Tolgoi project. The next day, Rio Tinto disclosed that it had also taken an $800 million impairment charge.

On this news, the Company's stock price fell $0.05, or over 8%, to close at $0.53 per share on August 1, 2019, on unusually heavy trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the progress of underground development of Oyu Tolgoi was not proceeding as planned; (2) that there were significant undisclosed underground stability issues that called into question the design of the mine, the projected cost, and timing or production; (3) that the Company's publicly disclosed estimates of the cost, date of completion, and dates for production from the underground mine were not achievable; (4) that the development capital required for the underground development of Oyu Tolgoi would cost substantially more than a billion dollars over what the Company had represented; and (5) that Turquoise Hill would require additional financing and/or equity to complete the project.

### III. PROCEDURAL BACKGROUND

On October 14, 2020, plaintiff Anthony Franchi commenced a securities class action lawsuit in this District against Turquoise Hill, Rio Tinto and certain of its officers, captioned *Franchi v. Turquoise Hill Resources Ltd., et al.*, Case No. 1:20-cv-08585-LJL.

On December 3, 2020, plaintiff Nicholas Lion commenced a substantially similar action in this District, captioned *Lion v. Turquoise Hill Resources Ltd., et al.*, Case No. 1:20-cv-10198-LJL.

3

On December 10, 2020, the Court consolidated the two actions under the caption *In re Turquoise Hill Resources Ltd. Securities Litigation*.

## IV. ARGUMENT

### A. Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice . . . ;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

    (aa) will not fairly and adequately protect the interest of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff.

Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. On October 15, 2020, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Movant had sixty days (until December 14, 2020) to file a motion to be appointed as lead plaintiff. As a purchaser of Turquoise Hill securities during the Class Period, Movant is a member of the proposed class and have hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in the attached certification, Movant attests that he has reviewed one of the complaints in the consolidated action, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely

applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Movant purchased Turquoise Hill securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Movant believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality

6

and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a) Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Turquoise Hill's business, operations, and financial prospects violated the federal securities laws. Movant, like all members of the Class, purchased Turquoise Hill securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b) Movant Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Mr. Murphy resides in Phoenixville, Pennsylvania and works in Nuclear Operations and Project

Management. He has a Master's degree in Management, and he has been managing his own investment portfolio for 40 years. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Movant is well-equipped to represent the class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

### V. CONCLUSION

For the foregoing reasons, John J. Murphy respectfully requests that the Court grant his Motion and enter an Order (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 14, 2020 | **GLANCY PRONGAY & MURRAY LLP** |
|  | By: */s/ Gregory B. Linkh* <br> Gregory B. Linkh (GL-0477) <br> 230 Park Ave., Suite 530 <br> New York, NY 10169 <br> Telephone: (212) 682-5340 <br> Facsimile: (212) 884-0988 <br> glinkh@glancylaw.com |
|  | Robert V. Prongay <br> Charles H. Linehan <br> 1925 Century Park East, Suite 2100 <br> Los Angeles, CA 90067 <br> Telephone: (310) 201-9150 <br> Facsimile: (310) 201-9160 |
|  | *Counsel for Movant John J. Murphy and Proposed Lead Counsel for the Class* |

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On December 14, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 14, 2020, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh