UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ―――――――――――――――――――――― x | | |
| In re TURQUOISE HILL RESOURCES LTD. | : | Civil Action No. 1:20-cv-08585-LJL |
| SECURITIES LITIGATION | : | |
| ―――――――――――――――――――――― | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | MEMORANDUM OF LAW IN SUPPORT |
| | : | OF MOTION FOR APPOINTMENT AS |
| ALL ACTIONS. | : | LEAD PLAINTIFF AND APPROVAL OF |
| | : | LEAD PLAINTIFF'S SELECTION OF |
| ―――――――――――――――――――――― x | : | LEAD COUNSEL |

## I.      INTRODUCTION

This consolidated action is brought on behalf of purchasers and acquirers of Turquoise Hill Resources Ltd. ("Turquoise Hill" or the "Company") securities between July 17, 2018 and July 31, 2019, inclusive (the "Class Period"), and alleges violations of the Securities Exchange Act of 1934 ("1934 Act") against Turquoise Hill and certain of its executives, as well as Rio Tinto PLC, Rio Tinto Limited, and Rio Tinto International Holdings, Inc. (together, "Rio Tinto") and certain of Rio Tinto's executives.[1]  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Vitali Garon should be appointed Lead Plaintiff because he filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Garon's selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the putative class should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS

Turquoise Hill is an international mining company focused on the operation and development of the Oyu Tolgoi copper-gold mine in Southern Mongolia, which is Turquoise Hill's principal and only material resource property.  Through subsidiaries, Rio Tinto owns 50.8% of Turquoise Hill. Rio Tinto PLC subsidiary Rio Tinto International Holdings, Inc. is also the manager of the Oyu

---

[1]      On December 10, 2020, the Court consolidated *Franchi v. Turquoise Hill Resources Ltd.*, No. 20-cv-08585-LJL (S.D.N.Y.) (filed Oct. 14, 2020) and *Lion v. Turquoise Hill Resources Ltd.*, No. 20-cv-10198-LJL (S.D.N.Y.) (filed Dec. 3, 2020).  *See* ECF No. 10.

Tolgoi project, including having responsibility for its development and construction.  Turquoise Hill's common stock is traded on the New York Stock Exchange under the ticker symbol TRQ.

The complaints allege that during the Class Period, defendants made false and misleading statements and/or failed to disclose adverse information about the prospects for the development of the Oyu Tolgoi mine, including that: (i) the progress of underground development at Oyu Tolgoi was not proceeding as planned; (ii) there were significant undisclosed underground stability issues that called into question the design of the mine and the projected cost and timing of production; (iii) Turquoise Hill's publicly disclosed estimates of the cost, date of completion, and dates for production from the underground mine were not achievable; (iv) the development capital required for the underground development of Oyu Tolgoi would cost over a billion dollars more than Turquoise Hill had represented; and (v) Turquoise Hill would require additional financing and/or equity to complete the project.

On February 26, 2019, Turquoise Hill disclosed that, although "the [Oyu Tolgoi] project cost was expected to remain within the $5.3 billion budget," a review had determined that "there was an increasingly likely risk of a further delay to sustainable first production beyond Q3'21." *Franchi*, ECF No 1 at ¶5; *Lion*, ECF No 1 at ¶5.  Turquoise Hill attributed the "likely risk" to productivity delays in completing Shaft 2 and "challenging ground conditions that have had a direct impact on the project's critical path."  *Id*.  On this news, the price of Turquoise Hill shares fell nearly 13%.

Then on July 15, 2019, Turquoise Hill announced a further delay and that the underground project would cost substantially more than it had repeatedly stated during the Class Period. Sustainable first production from the underground development of Oyu Tolgoi would now be delayed by another 9 to 21 months until May 2022 to June 2023, and "the development capital spend for the project may increase by $1.2 to $1.9 billion over the $5.3 billion previously disclosed."

- 2 -

*Franchi*, ECF No 1 at ¶7; *Lion*, ECF No 1 at ¶7.  On this news, the price of Turquoise Hill shares fell nearly 44%.

Finally, on July 31, 2019, Turquoise Hill disclosed that it had taken a $600 million impairment charge and a substantial "deferred income tax recognition adjustment" tied to the Oyu Tolgoi project, and that it had suffered a loss in the second quarter.  *Franchi*, ECF No 1 at ¶9; *Lion*, ECF No 1 at ¶9.  The next day, Rio Tinto revealed that it had taken an impairment charge of $800 million in connection with the Oyu Tolgoi project.  On this news, the price of Turquoise Hill shares fell more than 8% to close at $0.53 per share.

## III.    ARGUMENT

### A.    Mr. Garon Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice was published on October 15, 2020.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

- 3 -

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *2 (S.D.N.Y. June 12, 2020). Mr. Garon meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Garon's Motion Is Timely

The October 15, 2020, statutory notice advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by December 14, 2020. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Mr. Garon is eligible for appointment as lead plaintiff.

### 2.    Mr. Garon Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by his Certification, Mr. Garon purchased over 120,400 shares of Turquoise Hill common stock during the Class Period, and suffered approximately $85,336 in losses. *See* Rosenfeld Decl., Exs. B, C. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Mr. Garon meets the PSLRA's prerequisite of having the largest financial interest.

### 3.    Mr. Garon Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Cohen*, 2020 WL 3127808, at *2. "Movants can demonstrate typicality by showing that their claims arise from the same conduct

from which the other class members' claims and injuries arise.'" *Id.* (citation omitted).  The adequacy requirement of Rule 23 is satisfied if a movant "'(1) [has] no conflict of interest with the other members of the class, (2) [has] sufficient interest in the outcome of the case, and (3) [has] selected counsel that is qualified, experienced, and generally able to conduct the litigation in question.'" *Id.* (citation omitted).

Mr. Garon satisfies the typicality requirement because, just like all other class members, he purchased Turquoise Hill securities during the Class Period and suffered damages resulting from defendants' alleged wrongdoing.  In addition, Mr. Garon is an adequate representative of the class because his interests are aligned with the interests of the putative class and there is no evidence of any antagonism between Mr. Garon's interests and the class's interests.  Mr. Garon's sizable loss provides the requisite interest to ensure vigorous advocacy.  Mr. Garon has amply demonstrated his adequacy by signing a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, lead plaintiff.  *See* Rosenfeld Decl., Exs. B, D.  Mr. Garon's Declaration – which sets forth his age, residence, professional background, investment experience, and his other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Garon's ability to satisfy the Rule 23's prerequisites.  *See id.*, Ex. D.  Finally, as explained below, Mr. Garon has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

Because Mr. Garon filed a timely motion, has a sizable financial interest in the relief sought by the class, and demonstrated his typicality and adequacy, the Court should adopt the presumption that he is the "most adequate plaintiff."

4851-4102-0884.v1

**B.        The Court Should Approve Mr. Garon's Selection of Counsel**

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. §78u-4(a)(3)(B)(v); *see also Cohen,* 2020 WL 3127808*,* at *8.  Here, Mr. Garon has selected Robbins Geller to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly represents clients in complex class action litigation and possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house specialists to aid in the prosecution of complex securities issues.[2]  Courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig*., No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary

---

[2]        For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in the first half of 2020 alone, Robbins Geller recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (pending final approval), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865- AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Thus, the Court can be assured that by approving Mr. Garon's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs or expenses.

---

[3]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## IV.    CONCLUSION

Mr. Garon has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Mr. Garon respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Lead Counsel.

DATED:  December 14, 2020                      Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


*s/ David S. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

4851-4102-0884.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on December 14, 2020, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to

the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

- 9 -

## Mailing Information for a Case 1:20-cv-08585-LJL In re Turquoise Hill Resources Ltd. Securities Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Kurt Michael Hunciker**
  khunciker@hrsclaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Robert Neil Kravitz**
  rkravitz@paulweiss.com,mao_fednational@paulweiss.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Seth Maxwell Pavsner**
  spavsner@hrsclaw.com

- **Richard A. Rosen**
  rrosen@paulweiss.com,mao_fednational@paulweiss.com

- **Frank Rocco Schirripa**
  fschirripa@hrsclaw.com,sakter@hrsclaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)