```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
                                                            :
                                                            :
IN RE TURQUOISE HILL RESOURCES LTD.                         :    20-cv-08585 (LJL)
SECURITIES LITIGATION                                       :
                                                            :    MEMORANDUM &
                                                            :       ORDER
                                                            :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/24/2022

LEWIS J. LIMAN, United States District Judge:

Defendants Rio Tinto plc, Rio Tinto Limited, Jean-Sébastien Jacques, and Arnaud Soirat (the "Rio Defendants") move, for an order pursuant to 28 U.S.C. § 1292(b) certifying for interlocutory review the Court's September 2, 2022 order denying the Rio Tinto Defendants' motion to dismiss for lack of statutory standing. Dkt. No. 159. The motion is denied.

A district court has the authority to certify an order for interlocutory review where it involves: (1) "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) such "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "These three prerequisites create a significant hurdle to certification, and the barrier is elevated by the mandate that section 1292(b) be 'strictly limited' because 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993) (Sotomayor, J.) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). Even where the statutory conditions are met, "[d]istrict judges have broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (Sullivan,

J.) (quoting *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 2007 WL 1119753, at *1 (S.D.N.Y. Apr. 12, 2007)).  The moving party has the burden of establishing all three substantive criteria. *See Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005); *United States ex rel. Quartararo v. Cath. Health Sys. of Long Island Inc.*, 521 F. Supp. 3d 265, 273 (E.D.N.Y. 2021) ("The party seeking interlocutory appeal has the burden to establish all three section 1292(b) factors."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014) ("The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met.").  Immediate appeals are "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).

Plaintiffs have failed to satisfy their burden with respect to the second element.  The Court therefore need not consider the first and third elements.

"For there to be a 'substantial ground for difference of opinion' under the law, 28 U.S.C. § 1292(b), 'there must be substantial doubt that the district court's order was correct.'" *SPL Shipping Ltd.*, 2007 WL 1119753, at *2 (quoting *N.F.L. Ins. Ltd. v. B&B Holdings, Inc.*, 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993).  The Rio Defendants have not met their burden of showing a substantial ground for difference of opinion.  The Court's holding as to standing was relatively narrow and not particularly exceptional.  The Court held that Plaintiffs enjoyed statutory standing against the Rio Tinto Defendants because their statements "directly concern[ed] the company in which Plaintiffs invested" and "'relat[ed]' to the company whose securities Plaintiffs purchased." *In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2022 WL 4085677, at *17 (S.D.N.Y. Sept. 2, 2022) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 747 (1975)).  The Court read Second Circuit law as "standing for the proposition that inventors

lack standing where the 'connection between' the false statements of the non-issuer and 'plaintiff's purchase' of stock is 'too remote,' and such a connection is too remote where . . . the third party makes self-referential public statements and the third party and the issuer are connected only by a 'business relationship.'" *Id.* (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 102 (2d Cir. 2007)).  The Court explained how its decision was consistent with the law in this Circuit post-*Nortel*. *Id.* at *15.  The Court further explained how its conclusion was founded in more general principle of securities law, *id.* at *16–17; the Rio Defendants have not addressed those points.

More important, the Court's decision is perfectly aligned with the Second Circuit's subsequent decision in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 49 F.4th 790 (2d Cir. 2022), in which the Circuit held that the rule of *Blue Chip Stamps* and of *Nortel* "requires plaintiffs to have bought or sold a security of the issuer about which a misstatement was made in order to have standing to sue under Section 10(b)." *Id.* at 794.  Indeed, this Court's reading of Second Circuit law was, if anything, more restrictive than the rule later stated by the Second Circuit itself in *Menora Mivtachim*.  Whereas the Circuit's later decision requires only that the statement concern the issuer whose securities the plaintiffs purchased, this Court's decision applies an additional overlay that there be a relationship between the company making the alleged misstatement and the company about which the misstatement was made.

The Clerk of Court is respectfully directed to close Dkt. No. 159.

SO ORDERED.

Dated: October 24, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge