UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS DATED MARCH 18. 1970**

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2), Defendants respectfully move the Court to issue a letter of request pursuant to the Hague Convention On the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Letter of Request") to obtain documents and take testimony overseas of Maurice Duffy pursuant to the Federal Rules of Civil Procedure.

Mr. Duffy resides in the United Kingdom and is a former contractor with Rio Tinto. Because Mr. Duffy is a non-party to this litigation, resides in the United Kingdom, and is otherwise outside the Court's jurisdiction, Defendants are able to secure his documents and testimony only by a letter of request. *See, e.g.*, *Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.*, 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) ("no dispute" that Hague Convention Letter of Request was only means of obtaining evidence from foreign non-party who is not subject to the jurisdiction of the Court). For those reasons, and as more fully explained below, the Court should issue the Letter of Request, which is attached as Exhibit A to the Declaration of Corey Worcester in Support of Defendants' Motion for Issuance of a Letter of Request Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Worcester Declaration"), filed concurrently herewith.

**ARGUMENT**

I.  **REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES ARE ISSUED ROUTINELY**

Both the United States and the United Kingdom are parties to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *see Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated Jan. 19, 2023), which authorizes the signing countries to issue Letters of Request to other signatories asking them to compel the requested discovery. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018).

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs. v. Republic of Peru*, No. 96 CIV. 7917, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *see also United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) ("District 'courts have inherent authority to issue letters rogatory.'"). "A court will not ordinarily weigh the evidence to be elicited by deposition." *Elliot Assocs.*, 1997 WL 436493, at *2; *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2083 (3d ed.) ("[T]here must be some good reason to deny a party the particular type of judicial assistance it seeks[.]"). Instead, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *See Netherby Ltd. v. Jones Apparel Grp., Inc*., No. Civ. 04-7028 (GEL), 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *see also Villella*, 2018 WL 2958361, at *8 (issuing letter of request for the production of documents and taking of testimony in the United Kingdom).

Courts in the United States recognize that analysis regarding the enforceability of the request in the foreign court are "best left to the judicial authorities in the" foreign court, and the U.S. court asks only whether the discovery sought is consistent with the discovery principles of Rule 26 of the Federal Rules of Civil Procedure. *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019) (quoting *Metso Minerals*, 2007 WL 1875560, at *3). Rule 26 "permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (internal quotation marks omitted). The scope of relevance is broad, and once the moving party has shown relevance, "it is up to the responding party to justify curtailing discovery." *Id.* (internal quotation marks omitted). The party seeking issuance of a letter of request pursuant to the Hague Convention bears the burden of persuasion to show one should issue, but this is not a heavy burden. *Villella*, 2018 WL 2958361, at *3.

## II.  THE EVIDENCE SOUGHT BY DEFENDANTS IS RELEVANT

The documents requested in the Letter of Request are plainly relevant to Defendants defenses in this action. Mr. Duffy, through his consulting firm, GFI Blackswan ("Blackswan"), provided executive coaching services to Rio Tinto employees since 2007, including to employees working on the Oyu Tolgoi Underground Project that is at issue in this case.

In 2017, Rio Tinto's procurement department notified Mr. Duffy that he and his firm were providing inadequate account management and services to Rio Tinto and that they would have to improve their services if they wished to continue contracting with Rio Tinto. After this, Mr. Duffy began making allegations that Rio Tinto was engaged in unethical behavior and making demands for compensation related to the termination of Blackswan's contract with Rio Tinto. Later, the contract between Rio Tinto and Blackswan was terminated.

Mr. Duffy now appears to be one of Plaintiff's main witnesses, featuring in the Second Amended Complaint ("Complaint") over 70 times. Allegations attributed to Mr. Duffy primarily concern alleged "problems" at the Oyu Tolgoi Underground Project and Defendants' purported awareness of these problems before Defendants disclosed them to the market. *See* ECF No. 127 ("Complaint") ¶ 12. These allegations apparently relate to "concerns from senior leaders in Mongolia about unethical behavior and 'potential overstatements'" that Mr. Duffy "began to hear" in 2016. *See id.* ¶ 133.

Refuting these wide-ranging allegations will be an important part of Defendants' defense in this case. As such, Defendants need documents and testimony from Mr. Duffy concerning the allegations attributed to him in the Complaint, as well as other information that is relevant to Mr. Duffy's credibility. In addition, if Mr. Duffy produces no documents or documents that do not support the allegations attributed to him, it will show that he had no basis for those allegations, thus supporting Defendants' defenses. In short, Mr. Duffy's production (or lack thereof) will be informative as to the credibility of the allegations attributed to him in the Complaint and will be instrumental in disproving Plaintiff's allegations writ large.

**III.  THE REQUESTS ARE PROPORTIONAL TO THE NEEDS OF THE CASE**

The documents and testimony Defendants seek from Mr. Duffy are proportional to the needs of this case. Because Mr. Duffy appears to be one of Plaintiff's main witnesses—mentioned over 70 times in the Complaint—Defendants would be justified in seeking expansive discovery from Mr. Duffy. However, to comply with United Kingdom laws and practices regarding discovery, Defendants have issued significantly narrowed requests concerning Mr. Duffy's work for Rio Tinto, his interactions with Rio Tinto employees and other relevant parties, and his role as one of Plaintiff's main witness. Given the centrality of Mr. Duffy to the Complaint and the amount of money at issue in this suit, Defendants' requests of Mr. Duffy easily satisfy the proportionality

requirement. *See Villella*, 2018 WL 2958361, at *8 (issuing a letter of request when the recipient's relevance to the suit is clear and in light of the "significant sums of money [that were] at stake" in the matter).

## **CONCLUSION**

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit A to the Worcester Declaration.

Dated:  February 9, 2023

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Corey Worcester*
Corey Worcester
Renita Sharma
Hope Skibitsky
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010
Tel:  212-849-7000
Fax: 212-849-7100

*Counsel for Defendants Rio Tinto plc, Rio Tinto Limited, Jean-Sébastien Jacques and Arnaud Soirat*