**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS DATED MARCH 18, 1970**

**PRELIMINARY STATEMENT**

Plaintiffs and Defendants agree that Richard Bowley and Maurice Duffy are significant witnesses in this action. Both Mr. Bowley and Dr. Duffy blew the whistle to senior Rio Tinto executives on the undisclosed cost overruns and schedule delays at Oyu Tolgoi that are at the heart of this action, and both are mentioned repeatedly in Plaintiffs' Second Amended Complaint and in the Court's Opinion and Order denying in part Defendants' motions to dismiss that Complaint. The parties also agree that obtaining relevant documents and testimony from them is appropriate and necessary.

Unlike Defendants' proposed letters of request for these witnesses, which Plaintiffs oppose in a brief filed simultaneously with this motion, Plaintiffs' proposed letters of request accurately and fairly describe Plaintiffs' claims and Mr. Bowley's and Dr. Duffy's significance as witnesses, and seek all the documents and testimony from these witnesses that are necessary and appropriate for both sides in this action. Also unlike Defendants' proposed letters of request, Plaintiffs' proposed letters of request do not seek material that is irrelevant and disproportionate to the needs of the litigation. Plaintiffs and Defendants met and conferred after Defendants filed their motions for issuance of letters of request but were unable to agree on joint proposed letters of request. Plaintiffs respectfully submit that the Court should issue Plaintiffs' proposed letters of request.

**ARGUMENT**

U.S. courts routinely issue letters of request under the Hague Convention, 28 U.S.C. 1781(b)(2), and Rule 28(b)(2) for parties to take discovery in the United Kingdom. Moreover, as Defendants state in their motion, "[c]ourts in the United States recognize that analysis regarding the enforceability of the request in the foreign court [is] 'best left to the judicial authorities in the' foreign court, and the U.S. court asks only whether the discovery sought is consistent with the

discovery principles of Rule 26 of the Federal Rules of Civil Procedure. *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019)." ECF No. 212, at 3.

I.  **PLAINTIFFS' PROPOSED LETTERS OF REQUEST FAIRLY AND ADEQUATELY DESCRIBE THIS ACTION AND THE WITNESSES**

Letters of request are not parties' briefs or other argumentative matter; they are official requests by this Court to a foreign court. They should adequately inform the foreign court about why this Court is asking it to act, and they should be strictly accurate and impartial. *See Pearlstein*, 332 F.R.D. at 122 (revising party's proposed letter of request in light of "the Court's interest in ensuring the request is neutral as to the merits of this case"); *Lodestar Anstalt v. Bacardi & Co.*, 2018 WL 4696966, at *4 (C.D. Cal. June 25, 2018) ("[A] letter of request . . . should not contain overly argumentative statements. A letter rogatory is a direct communication from the courts of one country to the courts of another. [B]ecause the letter rogatory constitutes a request from the Court for assistance, not from a party, care should be taken to ensure that the synopsis of the case is not unduly argumentative, or state or suggest that the Court has reached factual conclusions at this stage of the proceedings.) (citations and quotation marks omitted)). Plaintiffs' proposed letters of request satisfy this test.

First, unlike Defendants' proposed inadequate, barebones summary of Plaintiffs' claims under Section 10(b) and 20(a) of the Exchange Act, Plaintiffs' proposed letters of request succinctly but adequately summarize the Complaint's detailed factual allegations concerning Mr. Bowley and Dr. Duffy. *See* Blatchley Dec. Ex. A, at 6-9; Blatchley Dec. Ex. B, at 6-9. Plaintiffs' proposed summaries of the allegations concerning their claims and each of the two witnesses are necessary to adequately inform the English court about why these witnesses are significant in this action. This is important because the English court will scrutinize the letters of request to determine whether to enforce them. Moreover, the English court has the option of ordering that any

2

depositions of the witnesses be conducted before an independent Official Examiner. Thus, it is important for the letters of request to adequately inform both the English court and any Official Examiner that court may appoint about the reasons why these witnesses matter to this case, and Plaintiffs proposed letters of request do so.

Second, unlike Defendants' unduly argumentative and prejudicial proposed letters of request, Plaintiffs' proposed letters of request base their descriptions of Plaintiffs' claims and of the witnesses entirely on the Complaint's well-pleaded allegations and this Court's Opinion and Order on the motions to dismiss. There is no unduly argumentative or prejudicial material in Plaintiffs' proposed letters of request.

## II.   PLAINTIFFS' PROPOSED LETTERS OF REQUEST SEEK MATERIAL THAT IS RELEVANT AND PROPORTIONATE TO THE NEEDS OF THIS CASE

Plaintiffs' proposed discovery requests and deposition topics for both witnesses seek information that is relevant and proportional to the needs of this case under Rule 26. Moreover, Plaintiffs' proposed letters of request seek all the evidence from these witnesses that both sides need to seek to prove their respective claims and defenses.

In particular, Plaintiffs' proposed letters of request seek important relevant evidence that Defendants' proposed letters of request fail to include. Those materials include documents and testimony concerning Rio's efforts to destroy documents concerning the evidence Dr. Duffy's firm had collected concerning reports of ethical violations and overstatements and concealment of cost overruns and delays at Oyu Tolgoi. *See* ECF No. 127 ¶ 288; Plaintiffs' Duffy Request No. 3. They also include Mr. Bowley's communications with Greg Field, David Hume, and Grant Brinkmann that were detailed in the Complaint and include important evidence of Defendants' knowledge of the cost overruns and schedule delays at Oyu Tolgoi. *See, e.g.*, ECF No. 127 ¶¶ 179-83; Plaintiffs'

Bowley Request No. 6. Thus, Plaintiffs' proposed letters of request seek evidence going to the core issues in the case that Defendants omitted from their proposed letters of request.

Plaintiffs' proposed letters of request and deposition topics also include substantially all of the requests and topics proposed by Defendants, with the exception of a few items that are inappropriate for the reasons discussed in Plaintiffs' opposition to Defendants' motions: testimony concerning Mr. Bowley's consulting work for the Mongolian Government, documents relating to his Witness Statement to the U.K. Employment Tribunal, documents concerning both witnesses' communications with Lead Plaintiff and an absent Class member, documents concerning the relative values of Dr. Duffy's Rio contract and other contracts, and testimony concerning Dr. Duffy's mining and geology expertise. *See* Lead Plaintiff's Opposition Brief, at 6-8. Thus, Plaintiffs' proposed letters of request cover all the evidence that both sides are reasonably entitled to.

## CONCLUSION

Plaintiffs' proposed letters of request would fairly and adequately inform the English court of the bases for the requests and would provide both sides in this action with all the discovery from Mr. Bowley and Dr. Duffy that is appropriate for the parties to have for their respective claims and defenses. Plaintiffs' motion should therefore be granted.

| | |
|---|---|
| Dated: March 2, 2023 | Respectfully submitted, |
| | |
| | */s/ Michael D. Blatchley* |
| | Michael D. Blatchley |
| | |
| | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |
| | Salvatore J. Graziano |
| | Mark Lebovitch |
| | Michael D. Blatchley |
| | Jai Chandrasekhar |
| | 1251 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 554-1400 |
| | Facsimile: (212) 554-1444 |
| | salvatore@blbglaw.com |
| | markl@blbglaw.com |
| | michaelb@blbglaw.com |
| | jai@blbglaw.com |
| | |
| | *Counsel for Lead Plaintiff the Pentwater Funds and Lead Counsel for the Class* |