## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

### MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS DATED MARCH 18, 1970

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2), the parties respectfully move the Court to issue a letter of request pursuant to the Hague Convention On the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Letter of Request") to obtain documents and take testimony overseas of Grant Brinkmann pursuant to the Federal Rules of Civil Procedure.

Mr. Brinkmann resides in Australia and worked for Defendants at the Oyu Tolgoi Underground Project ("OTUP"). Because Mr. Brinkmann is a non-party to this litigation, resides in Australia, and is otherwise outside the Court's jurisdiction, the parties are able to secure his documents and testimony only by a letter of request. *See, e.g.*, *Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.*, 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) ("no dispute" that Hague Convention Letter of Request was only means of obtaining evidence from foreign non-party who is not subject to the jurisdiction of the Court). For those reasons, and as more fully explained below, the Court should issue the Letter of Request, which is attached as Exhibit A to the Declaration of Corey Worcester in Support of the Parties' Joint Motion for Issuance of a Letter of Request Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Worcester Declaration"), filed herewith.

## ARGUMENT

### I.   REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES ARE ROUTINELY ISSUED

Both the United States and Australia are parties to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *see Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last updated Jan. 19, 2023), which authorizes the signing countries to issue Letters of Request to other signatories asking them to compel the requested discovery. *See Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018).

Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs. v. Republic of Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997); *see also United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. Feb. 18, 2014) ("District 'courts have inherent authority to issue letters rogatory.'"). "A court will not ordinarily weigh the evidence to be elicited by deposition." *Id.*; *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2083 (3d ed.) ("[T]here must be some good reason to deny a party the particular type of judicial assistance it seeks[.]"). Instead, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).

Courts in the United States recognize that analysis regarding the enforceability of the request in the foreign court is "best left to the judicial authorities in the" foreign court, and the U.S. court asks only whether the discovery sought is consistent with the discovery principles of Rule 26 of the Federal Rules of Civil Procedure. *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 122

(S.D.N.Y. 2019) (quoting *Metso Minerals*, 2007 WL 1875560, at *3).  Rule 26 "permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (internal quotation marks omitted).  The scope of relevance is broad.  *See id.*.

## II.     THE EVIDENCE SOUGHT BY THE PARTIES IS RELEVANT

The documents requested in the Letter of Request are plainly relevant to the parties' claims and defenses in this action.  As alleged in the Complaint, Mr. Brinkmann was Rio Tinto's Senior Area Manager of Shafts at Oyu Tolgoi and was the "senior-most manager with direct responsibility for Shaft 2."  ECF No. 127 (Second Amended Complaint) ¶ 94.  Mr. Brinkmann is mentioned no fewer than 65 times in the Complaint.

Allegations attributed to Mr. Brinkmann in the Complaint primarily concern his work on Shaft 2, the alleged "main logistics hub for the transportation of personnel and equipment needed to build the remaining mine infrastructure, appropriate ventilation to support increased underground activity, and transportation to convey ore to the surface."  *Id.* ¶ 8.  Mr. Brinkmann claimed that the work on Shaft 2 was purportedly behind schedule and that "senior Rio Tinto management" was aware of these delays.  *Id.* ¶¶ 98, 154.  Allegations attributed to Mr. Brinkmann also claim that Mr. Brinkmann was fired in retaliation for purportedly raising delays with senior management, and that Rio Tinto falsified paperwork after his departure to make it look as if Mr. Brinkmann had approved project changes.  *Id.* ¶¶ 157, 172, 285.

Proving or refuting Mr. Brinkmann's account of events and taking Mr. Brinkmann's deposition testimony will be an important part of Plaintiff's claims and Defendants' defense of this case.  Thus, the parties need documents and testimony from Mr. Brinkmann concerning the allegations attributed to him in the Complaint, as well as other information that is relevant to the parties' claims and defenses or that bears on Mr. Brinkmann's credibility.  In short, Mr.

3

Brinkmann's production will be relevant evidence for both Plaintiffs' claims and Defendants' defenses.

## III.   THE REQUESTS ARE PROPORTIONAL TO THE NEEDS OF THE CASE

The documents and testimony the parties seek from Mr. Brinkmann are proportional to the needs of this case.  Because Mr. Brinkmann is a significant witness—mentioned 65 times in the operative Complaint—the parties would be justified in seeking expansive discovery from Mr. Brinkmann.  However, to comply with Australian laws and practices regarding discovery from third-party witnesses, the parties have proposed significantly narrowed requests concerning Mr. Brinkmann's employment at Rio Tinto, his interactions with Rio Tinto employees and other relevant parties, and his role as a witness cited in Plaintiffs' Second Amended Complaint.  Given the allegations attributed to Mr. Brinkmann in the Complaint and the amount of money at issue in this suit, the parties' requests of Mr. Brinkmann easily satisfy the proportionality requirement.  *See Villella*, 2018 WL 2958361, at *8 (issuing a letter of request when the recipient's relevance to the suit is clear and in light of the "significant sums of money [that were] at stake" in the matter).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant this motion and issue the Letter of Request attached as Exhibit A to the Worcester Declaration.

Dated: April 20, 2023

| | |
|---|---|
| */s/ Corey Worcester* | */s/ Jai Chandrasekhar* |
| Corey Worcester | Jai Chandrasekhar |
| Renita Sharma | Salvatore J. Graziano |
| Hope Skibitsky | Mark Lebovitch |
| Leigha Empson | Michael D. Blatchley |
| **QUINN EMANUEL URQUHART** | **BERNSTEIN LITOWITZ BERGER** |
| **& SULLIVAN, LLP** | **& GROSSMANN LLP** |
| 51 Madison Avenue | 1251 Avenue of the Americas |
| New York, NY 10010 | New York, New York 10020 |
| Tel: 212-849-7000 | Telephone: (212) 554-1400 |
| Fax: 212-849-7100 | Facsimile: (212) 554-1444 |
| | salvatore@blbglaw.com |
| *Counsel for Defendants Rio Tinto plc,* | markl@blbglaw.com |
| *Rio Tinto Limited, Jean-Sébastien* | michaelb@blbglaw.com |
| *Jacques and Arnaud Soirat* | jai@blbglaw.com |
| | |
| | *Counsel for Lead Plaintiff the Pentwater Funds and* |
| | *Lead Counsel for the Class* |