```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/06/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
                                                                   :     20-cv-8585 (LJL)
IN RE TURQUOISE HILL RESOURCES LTD.                                :
SECURITIES LITIGATION                                              :     OPINION AND ORDER
                                                                   :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants move, pursuant to Federal Rule of Civil Procedure 28(b)(2), 28 U.S.C. § 1781(b)(2), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970, for the issuance of a letter of request for International Judicial Assistance to the appropriate judicial authority of Australia for the testimony of and documents in the possession of Mr. Mark Adams ("Letter of Request"). Dkt. No. 254. The motion is opposed by Plaintiff. Dkt. Nos. 268–69. The motion is granted.

      "Rule 28(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2) authorize federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Rule 28(b) provides that a deposition may be taken in a foreign country pursuant to a letter of request issued "on appropriate terms after an application and notice of it" and "without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b). Section 1781 of Title 28, which authorizes the United States Department of State to accept letters rogatory issued by foreign tribunals, allows for "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the

foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner." 28 U.S.C. § 1781(b)(2). "In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26." *Lantheus Med. Imaging, Inc.*, 841 F. Supp. 2d at 776. "The decision of whether to issue letters rogatory is within the discretion of the court." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019), *on reconsideration in part*, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019).

"[T]he responsibility of th[e] Court is to determine whether the letter of request should be issued given the principles of discovery" under Federal Rule of Civil Procedure 26. *Id.* at 122; *see Lantheus Med. Imaging, Inc.*, 841 F. Supp. 2d at 776 ("In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26."). Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is . . . to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Hoxhaj v. Michael Cetta, Inc.*, 2022 WL 1664963, at *1 (S.D.N.Y. May 25, 2022); *SEC v. Rayat*, 2022 WL 1423300, at *2 (S.D.N.Y. May 5, 2022). "Although the party seeking the application of the Hague Convention procedures bears the burden of persuasion, that burden is not a heavy one." *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *3 (S.D.N.Y. June 13, 2018) (internal citations and quotation marks omitted).

There is no dispute that Mr. Adams, who is a non-party to this litigation, resides in Australia and is otherwise outside the Court's jurisdiction and his testimony can be obtained only

by Letter of Request.  Both the United States and Australia are parties to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  Defendants have satisfied their burden to show that the requested testimony and documents fall within the bounds of Rule 26.  The Second Amended Complaint relies, in part, on information provided by Mr. Adams to Plaintiffs.  It refers to Mr. Adams as FE 6 and alleges as follows:

> FE 6, who worked in Contracts and Procurement Management for Rio Tinto at OT [Oyu Tolgoi] from October 2016 to May 2017, said that the lack of progress would have been obvious to any of the senior TRQ [Turquoise Hill] or Rio Tinto leadership who toured the site.  FE 6 knew about the schedule delays by speaking to others in procurement, including FE 6's supervisor, Sarah Holling, but said the delays were obvious to anyone who saw Shaft 2.

Dkt. No. 127 ¶ 109.

Defendants are entitled to inquire into, *inter alia*, Mr. Adams's knowledge of the progress at the Oyu Tolgoi mine, the basis for that knowledge, and what he said to others about the mine and delays or the lack of progress at the mine, including with respect to any budget and schedule for the mine.  Defendants are also entitled to documents regarding the same.  The Second Amended Complaint relies upon Mr. Adams as a confidential witness and Defendants are entitled to inquire into his role and knowledge as a confidential witness.

Plaintiff argues that the Court should not issue the Letter of Request for the documents and testimony of Mr. Adams because "Plaintiff does not expect him to be an important witness in this action."  Dkt. No. 268 at 2.  However, Plaintiff lacks standing to challenge the Letter of Request on grounds of relevancy or undue burden.  *See Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC*, 2021 WL 949714, at *5 (S.D.N.Y. Mar. 12, 2021); *see also O'Gorman v. Kitchen*, 2021 WL 1292907, at *4 (S.D.N.Y. Apr. 7, 2021).

Moreover, Plaintiff does not dispute that Mr. Adams will be a witness in this case or that he has relevant testimony.  Rule 26 does not limit a defendant faced with a multi-million dollar

3

securities lawsuit to taking the depositions only of those witnesses whom its adversary believes to be "important." Plaintiff also relies on the fact that, at the motion to dismiss stage, the Court gave the allegations regarding Mr. Adams "no significant weight." Dkt. No. 268 at 7. But, while it is true that the Court did not give the allegations regarding Mr. Adams significant weight in ruling on the motion to dismiss, it did not hold that Mr. Adams's testimony was irrelevant to the case. In fact, in its opinion, the Court noted only that the Second Amended Complaint did not allege how "the employee [Mr. Adams] would have been in a position to know what would have been obvious to leadership and does not explain why the progress of an underground mine would have been obvious to anyone touring the site." Dkt. No. 149 at 100 n.27. The Court thus left open the possibility that Mr. Adams's information and testimony could be particularly relevant if additional information about the basis of Mr. Adams's observations and statements were provided. In addition, the Court's statements in its opinion on the motion to dismiss do not preclude Plaintiff from calling Mr. Adams as a witness or from relying on information he purportedly relayed to others regarding the mine. It cannot prevent Defendants from obtaining discovery about him.

Finally, Plaintiff opposes the motion because, during negotiations regarding the scope of discovery and the documents Defendants will produce, Defendants have taken the position that Mr. Adams is not a relevant custodian and have declined to produce documents from the period of time during which Mr. Adams was employed at the mine. Dkt. No. 268 at 6–7. Defendants have refused to identify Mr. Adams as a relevant custodian because he did not work at Rio Tinto during the time period Defendants identify as the relevant period for purposes of document production, which is longer than the class period alleged in this action. *Id.* at 3; *see also* Dkt. No.

270 at 3.¹ However, Plaintiff indicates that the question of the relevant time-period is still the subject of discussion between the parties and that, if the issue is not resolved by the parties, it will raise any disputes with the Court. *Id.* at 5 n.1. Defendant indicates that it has "possession of certain relevant documents concerning Mr. Adams." Dkt. No. 256-1 at 9. The Court assumes that those documents will be produced. Indeed, Defendants represent that they "will not rely on or use any documents at Mr. Adams' deposition that have not been produced in this action." Dkt. No. 270 at 9. If Plaintiff has an issue with respect to Defendants' document production and Defendants are withholding documents relevant to Mr. Adams that should be produced under Rule 26, the appropriate vehicle for Plaintiff to have that issue resolved is through a motion to compel.² The answer is not to prejudge the outcome of that issue and to preclude Defendants from taking the deposition and obtaining documents from a person who, according to Plaintiff's own complaint, is a relevant witness.

## CONCLUSION

The motion for the issuance of a Letter of Request is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 254.

SO ORDERED.

Dated: July 6, 2023
New York, New York

LEWIS J. LIMAN
United States District Judge

---

¹ Defendants represent that they have agreed to produce documents from the custodial files of 45 employees of Rio Tinto and Turquoise Hill for the time periods of January 1, 2018 through December 31, 2019 and November 30, 2020 through December 31, 2021. Dkt. No. 270 at 3.
² Defendants have indicated that they will oppose a motion to compel "as appropriate." Dkt. No. 270 at 9. The Court takes no position at this time on the merits of any such motion.