USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
:
:
:
IN RE TURQUOISE HILL RESOURCES LTD.  :  20-cv-8585 (LJL)
SECURITIES LITIGATION  :
: MEMORANDUM AND
: ORDER
:
:
:
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    The motion to compel is granted in part and denied in part. Federal Rule of Civil Procedure 26(b)(1) entitles the requesting party to discovery regarding nonprivileged matters relevant to the party's claims or defenses "and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

    The motion is granted to the extent that it seeks to add Donna Rathbone and Bold Baatar as custodians. It is also granted to the extent that Plaintiffs seek documents produced to regulators for the time period July 31, 2019 to November 30, 2020. Although parties ordinarily are not permitted to piggyback off of the work of others, Plaintiffs have established that such documents are relevant to the case and proportional to the needs of the case and Defendants have not established any undue burden. Defendants previously represented that they had "possession of certain relevant documents concerning Mr. Adams." Dkt. No. 256-1 at 9. The Court orders that Defendants produce such documents if they have not already been produced.

    The motion is denied in all other respects. Although Plaintiffs are correct that documents that precede the class period are relevant to the knowledge of the Defendants during the class period and at the time of the challenged statements, the Second Amended Complaint establishes

the period beginning in or around January 2018 (which precedes the class period) as the relevant time period with respect to Defendants' knowledge. *See, e.g.*, Dkt. No. 127 ¶ 117 ("[w]ithin a few short months" of the hiring of Bowley in November 2017, he "informed Kinnell, Soirat and other Rio Tinto executives about the truth at OT"); Dkt. No. 149 at 107–09 (discussing allegations of scienter). Plaintiffs argue that documents that postdate the class period are relevant because the "details of the cost overruns and delays" did not fully emerge until after the class period. Dkt. No. 274 at 2. But Plaintiffs fail to explain how, if the information was not known to the relevant custodians during the class period, such information could have been concealed by those custodians.

The Clerk of Court is respectfully directed to close Dkt. Nos. 274, 275.

SO ORDERED.

Dated: July 28, 2023
      New York, New York

                                             LEWIS J. LIMAN
                                           United States District Judge