```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
                                                                    :
                                                                    :
                                                                    :
                                                                    :
                                                                    :     20-cv-08585 (LJL)
IN RE TURQUOISE HILL RESOURCES LTD.                                 :
SECURITIES LITIGATION                                               :     MEMORANDUM AND
                                                                    :          ORDER
                                                                    :
                                                                    :
                                                                    :
                                                                    :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Lead plaintiff the Pentwater Funds ("Lead Plaintiff") moves, Dkt. No. 290, for redaction and sealing of its Motion for Class Certification, Dkt. No. 286, and certain supporting exhibits. Defendants Rio Tinto plc, Rio Tinto Limited, Jean-Sébastien Jacques and Arnaud Soirat (collectively the "Defendants") move to maintain under seal the redacted information and sealed exhibits filed in connection with the Motion for Class Certification. Dkt. No. 295. The letter motions to seal are granted in part and denied in part. Dkt. Nos. 290, 295.

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The court considers three factors in determining whether to grant a motion to seal: (1) whether the record at issue is a judicial document; (2) the weight of the presumption of access to the judicial document; and (3) whether there exist countervailing factors that weigh against the presumption of access. *Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023). A court may maintain materials in court filings under seal only after "review[ing] the documents individually" and making "'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

The parties do not dispute that the records sought to be sealed are public records and that there exists a presumption of access to the materials.  Defendants seek to seal portions of the memorandum in support of class certification and a declaration submitted in connection therewith.  Class certification is one of the most important moments in a securities class action, affecting the rights of the defendant and the absent class members alike.  *Cf. Hevesi v. Citigroup Inc.*, 366 F.3d 70, 80 (2d Cir. 2004) (noting that few securities class actions are litigated beyond the class certification stage).  A court's decision on a motion for class certification also provides importance guidance to members of the bar.

The motion is granted with respect to Exhibits D to K.  Each of those exhibits is an email that, at this stage of the litigation, would be of marginal value "to those monitoring the federal courts," and are not expected to "directly affect an adjudication."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  The Exhibits contain the names of apparently innocent third parties which constitutes a countervailing factor.  *Id.* at 1050–51.  They also contain some commercially sensitive information and trade secrets.  *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2014).

The Court reaches a different result with respect to Exhibits 1 and 3, which are the memorandum in support of class certification and the accompanying declaration in support of class certification and with respect to Exhibit L.  Exhibits 1 and 3 contain commercial information which Defendants assert is commercially sensitive.  However, courts "have been skeptical of sealing information that is [alleged to be] commercially sensitive, particularly where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision."  *In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig*, 2023 WL 196134, at *4

(S.D.N.Y. Jan. 17, 2023). The information that is quoted in these materials appears to be dated and Defendants do not explain how the information is commercially sensitive or identify any harm Defendants would suffer from the disclosure of such information. Accordingly, only the names of individuals may be redacted but not the quotes attributed to those individuals. Exhibits 1 and 3 also contain information about a confidential arbitration and Exhibit L is the arbitration ruling. The information is highly relevant to the class certification motion. Its inclusion in the motion is not gratuitous. The Second Circuit has stated that the interest in preserving arbitral confidentiality is a higher value. *See Stafford*, 78 F.4th at 71. But that just means that it is entitled to be given weight in the court's balancing to determine whether the presumption of access is overcome. It does not determine the amount of the weight or mean that arbitral documents must always be kept confidential. Thus, the motion is denied as to Exhibits 1 and 3 and Exhibit L except that names may be redacted from Exhibits 1 and 3.

The Court will stay the effect of this order for a period of seven days (until November 3, 2023) to allow the parties to bring to its attention any basis for continued sealing the Court may have overlooked. In the absence of such further submission, Plaintiff is directed to file publicly by November 8, 2023 (but no earlier than November 6, 2023) Exhibits 1 and 3 and Exhibit L with the limited redactions permitted by this Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 290, 295.


SO ORDERED.

Dated: October 27, 2023
       New York, New York                         _____
                                                       LEWIS J. LIMAN
                                                   United States District Judge