```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
                                                                       :
                                                                       :
                                                                       :
                                                                       :
IN RE TURQUOISE HILL RESOURCES LTD.                                    :
SECURITIES LITIGATION                                                  :
                                                                       :
                                                                       :
                                                                       :
                                                                       :
-----------------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 01/08/2024

20-cv-08585 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Lead plaintiff the Pentwater Funds ("Lead Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an order granting leave to file a Third Amended Consolidated Class Action Complaint. Dkt. No. 305. Lead Plaintiff also moves: (1) for redaction and sealing, Dkt. No. 273, of portions of its Motion to Compel and documents attached therein, Dkt. No. 274; and (2) for redaction and sealing, Dkt. No. 309, of its Memorandum of Law in support of the Motion for Leave to File a Third Amended Consolidated Class Action Complaint, Dkt. No. 306, and the proposed Third Amended Complaint (the "TAC"), Dkt. Nos. 307-1, 307-2.

Defendants Rio Tinto plc, Rio Tinto Limited, Jean-Sébastien Jacques and Arnaud Soirat (collectively, the "Defendants") move: (1) for redaction, Dkt. No. 276, of an exhibit to their opposition to Lead Plaintiff's Motion to Compel, Dkt. No. 277-1; (2) for redaction and sealing, Dkt. No. 280, of Lead Plaintiff's Motion to Compel, Dkt. No. 274; and (3) for redaction and sealing, Dkt. No. 312, of information filed in connection with the Motion for Leave to File the TAC, namely Lead Plaintiff's Memorandum of Law in support of the motion, Dkt. No. 306, and Lead Plaintiff's proposed TAC, Dkt. Nos. 307-1, 307-2.

Lead Plaintiff's Motion for Leave to file the TAC is granted.[1]  For the reasons stated below, Lead Plaintiff and Defendants' Letter Motions to Seal are granted in part and denied in part.

## DISCUSSION

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Court considers three factors in determining whether to grant a motion to seal: (1) whether the record at issue is a judicial document; (2) the weight of the presumption of access to the judicial document; and (3) whether there exist countervailing factors that weigh against the presumption of access. *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023). For a document to be considered a "judicial record," the document must be "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). The test of relevance is whether a document "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

---

[1] Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleadings only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[t]he decision to grant leave to amend is within the sound discretion of the trial court," *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007). Lead Plaintiff has shown good cause for its Motion for Leave to File the TAC. Dkt. No. 310. The Court thus exercises its discretion to grant the motion.

Still, the presumption of public access "does not attach equally to all judicial documents." *Fishon v. Peloton Interactive, Inc.*, 2022 WL 7049241, at *2 (S.D.N.Y. Oct. 12, 2022). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("*Amodeo II*"). "[W]hile evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'" *Brown*, 929 F.3d at 49–50 (quoting *Amodeo II*, 71 F.3d at 1050).

As relevant here, "[c]ourts seal confidential business, financial, and marketing information under certain situations." *Jackpocket, Inc. v. LottoMatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022). "First, the information must still be relevant to the business." *Id.* (citing *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)). Additionally, courts assess whether the moving party "would be competitively harmed if [the information] were revealed." *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Those considerations are weighed, however, against the degree to which the Court will rely upon the information and the strong presumption of public access. *See Brown*, 929 F.3d at 49; *Amodeo II*, 71 F.3d at 1049. In sum, "[t]he Court thus will redact specific business, marketing, and financial information, but will not redact more generalized information, stale information, and information that was particularly relevant to the disposition of the case." *Jackpocket, Inc.*, 2022 WL 17738779, at *2.

Finally, a court may maintain materials in court filings under seal only after "review[ing]

the documents individually" and making "'specific, on-the-record findings that sealing is necessary to preserve higher values.'" *Brown*, 929 F.3d at 48 (quoting *Lugosch*, 435 F.3d at 124).

The parties seek to redact or seal three distinct sets of documents. The Court addresses each in turn.

## I. Lead Plaintiff's Motion to Compel and Documents Attached

Lead Plaintiff and Defendants each move to redact and seal portions of Lead Plaintiff's Motion to Compel and documents attached therein. Dkt. Nos. 273, 280. Lead Plaintiff seeks to redact, within the body of the motion, the name of a former Rio Tinto employee, as well as references to Exhibits 3 through 6, and seeks to file under seal Exhibits 3 through 6. Dkt. No. 273. Defendants, meanwhile, propose their own redactions to the body of the motion, propose redactions to Exhibit 6, and request that Exhibits 3 through 5 remain under seal. Dkt. No. 280.

The request to redact the name of the former Rio Tinto employee contained in the body of the motion is granted. *See Amodeo II*, 71 F.3d at 1050–51; *In re Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir.) ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987), *cert. denied*, 485 U.S. 977 (1988)), *cert. denied*, 496 U.S. 931 (1990).

The Court also grants the request to keep Exhibits 3 through 6 under seal, and for Exhibit 6 to be posted with the redactions proposed by Defendants, and to redact references to those exhibits in the motion. Exhibit 3 is an excerpt of briefing materials for Rio Tinto's CEO on several projects. Dkt. No. 275-3. Exhibit 4 is an excerpt of an email discussing commercial strategy, and proposals regarding the schedule for a project. Dkt. No. 275-4. Exhibit 5 is a report regarding the schedule, budget, and progress of a project. Dkt. No. 275-5. Exhibit 6 contains information regarding Rio Tinto's methods for tracking costs, budgets, and

development progress, as well as press strategies.  Dkt. No. 275-6.  First, the documents are filed in connection with the discovery dispute, which falls on the lower end of the range of judicial documents that enjoy a presumption of public access.  *Brown*, 929 F.3d at 50 ("[A] court's authority to oversee discovery . . . is ancillary to the court's core role in adjudicating a case. Accordingly, the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment.").  Further, the exhibits contain highly detailed information that is not distant in time, discussing elements of commercial strategy that Defendants contend are sensitive.  *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y Apr. 28, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *see Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154 (S.D.N.Y. 2014).  Accordingly, the Court grants the request for the Motion to Compel to remain redacted, for Exhibits 3 through 5 to be sealed, and for Exhibit 6 to be filed with the redactions proposed by Defendants.

II.     **Defendants' Opposition to Lead Plaintiff's Motion to Compel**

Next, Defendants move, Dkt. No. 276, to redact portions of Exhibit A to their opposition to Lead Plaintiff's Motion to Compel, Dkt. No. 277-1.  Exhibit A contains information relating to Rio Tinto's methods for tracking and reviewing mine development and progress, as well as press strategies.  *Id*.  Defendants assert that this information is commercially sensitive.  Dkt. No. 276.  The information contained in Exhibit A, however, is different in kind from the documents contained in the Motion to Compel itself and its attachments; the information included in Defendants' opposition is high level and non-specific.  It hardly discusses the substance of the

5

projects themselves, and in describing the roles and responsibilities of the individuals named, offers little in specifics. Defendants do not explain how this information specifically is commercially sensitive and how they may be harmed from its disclosure. Accordingly, the motion to redact portions of Exhibit A to Defendants' opposition to Lead Plaintiff's motion to compel is denied. *Id*.

**III.     Lead Plaintiff's Motion for Leave to File the TAC and Associated Documents**

Finally, Lead Plaintiff and Defendants seek to redact and seal portions of Lead Plaintiff's Motion for Leave to File the TAC. Dkt. Nos. 309, 312. Specifically, Lead Plaintiffs seek to redact the names of third-party witnesses referenced in the TAC and the Memorandum of Law in support of the Motion for Leave to File the TAC. Dkt. No. 309. Defendants, meanwhile, seek redaction of portions of Lead Plaintiff's Memorandum of Law in support of the Motion for Leave to File the TAC, and for redaction of certain portions the proposed TAC. Dkt. No. 312.

The parties' request to redact portions of Lead Plaintiff's Memorandum of Law in Support of its Motion for Leave to File the TAC is denied, except with respect to the names of third-party witnesses. Each party submitted proposed redactions of Lead Plaintiff's Memorandum of Law in Support of its Motion for Leave to File the TAC. Lead Plaintiff's proposed redactions were broader, while Defendants' proposed redactions were more narrowly tailored. Here, the documents are submitted not in the context of discovery, but with respect to the filing of an amended complaint. And "where documents directly affect an adjudication, or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith, and thus can be overcome only by extraordinary circumstances." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Further, as the Court explained in its Memorandum and Order on October 27, 2023 with respect to Lead Plaintiff's Memorandum of Law in Support of its Motion for Class Certification, Dkt. No. 297 at 2, courts "have been

skeptical of sealing information that is [alleged to be] commercially sensitive, particularly where it is highly relevant to the dispute and by extension, to the public's understanding of the court's decision." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).  As there, the information here is dated and broad enough to overcome concerns about its commercial sensitivity.  The request to maintain redactions of individuals' names, however, is granted.

Similarly, the parties' request to redact portions of the proposed TAC is denied, except with respect to the names of third-party witnesses.  Defendants assert that the proposed TAC contains several types of commercially sensitive information, including valuations of the Oyu Tolgoi underground project, internal communications about the Oyu Tolgoi project, sensitive descriptions of Rio Tinto's relationships with its partners.  Dkt. No. 312 at 2.  But the broad and temporally distant nature of the information included in the proposed TAC renders the need to protect its confidentiality less significant than the public's right of access to the full TAC.

## CONCLUSION

For the foregoing reasons, Lead Plaintiff's Motion for Leave to File the TAC is GRANTED. Lead Plaintiff and Defendants' Letter Motions to Seal are GRANTED IN PART and DENIED IN PART.

The Court will stay the effect of this Order for a period of seven days to allow the parties to bring to its attention any basis for continued sealing the Court may have overlooked. In the absence of such further submission, parties are directed to confer and file publicly by January 19, 2024 (but no earlier than January 16, 2024) the documents as described in this Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 273, 276, 280, 305, 309, 312.

SO ORDERED.

Dated: January 8, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge