November 19, 2024

**BY ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1520
New York, NY 10007

Re:   *In Re Turquoise Hill Resources Ltd. Sec. Litig.,* No. 1:20-cv-08585-LJL

Dear Judge Liman:

Undersigned counsel for the parties write pursuant to the Court's November 8, 2024 Order (ECF No. 358) to provide the Court with this joint letter updating the Court on the status of the case in advance of the November 26, 2024 status conference.

### (1) All existing deadlines, due dates, and/or cut-off dates:

Pursuant to the PSLRA and this Court's November 17, 2023 Order (ECF No. 303), discovery and other proceedings were stayed in connection with Lead Plaintiff's Motion for Leave to File its Third Amended Complaint ("Complaint") and during the pendency of Defendants' motion to dismiss. Relatedly, by Order dated November 17, 2023, Lead Plaintiff's Motion for Class Certification was deemed withdrawn, without prejudice to renewal after Defendants' motion to dismiss the Complaint was resolved. ECF No. 302. When the stay began in November 2023, there were approximately eight and a half months left before the then-existing deadline of August 1, 2024 for close of fact discovery. ECF No. 248 (May 12, 2023 Scheduling Addendum). Expert discovery was set to be completed by November 21, 2024, and summary judgment motions were due by December 12, 2024. No trial date had been set.

The only currently existing deadlines, due dates, and/or cut-off in this action are: (i) **November 20, 2024:** Lead Plaintiff to oppose Defendants' Motion to Disqualify Plaintiff's Expert John C. Barber; (ii) **December 13, 2024:** Defendants to file reply in support of Defendants' Motion to Disqualify Plaintiffs' Expert John C. Barber; and (iii) **December 20, 2024:** Defendants to answer the Third Amended Complaint.

### (2) A brief description of the status of discovery and of any additional discovery that remains to be completed.

Before discovery was stayed, the parties produced significant volumes of documents, responded to interrogatories, and sought—and obtained—the Court's assistance in obtaining discovery outside the United States. Lead Plaintiff has produced over 116,000 documents in

excess of 363,000 pages, and Defendants have produced over 354,000 documents in excess of 1,480,000 pages.

Plaintiff has brought this putative class action for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities Exchange Commission Rule 10b-5 against Defendants for alleged misstatements concerning the schedule and budget for the Oyu Tolgoi underground project, a copper mine in Mongolia. By its nature, this action is document intensive and presents complex discovery issues. In addition to the significant discovery among the parties, both Plaintiff and Defendants require additional discovery from third parties, several of whom are located outside the United States. Although the parties had completed a significant amount of discovery by November 2023, there is still a significant amount of discovery to be completed, and several issues remain in dispute and will likely require the attention of the Court. *See* ECF No. 299.

For example, Lead Plaintiff states that it has prepared motions to compel that it will file, subject to the Court's guidance, following the November 26, 2024 conference, concerning alleged deficiencies in Defendants' document productions. One of Plaintiff's intended motions seeks to compel Defendants to produce text and similar "messaging" communications (*e.g.*, WhatsApp messages). The second of Plaintiff's intended motions to compel seeks to expand the search terms Defendants have used to identify potentially responsive documents. Lead Plaintiff states that it has also identified other alleged deficiencies with respect to Defendants' document productions, on which the parties have not yet conferred in an effort to resolve without need for Court intervention.

The parties have not yet exchanged privilege logs. The parties will confer regarding an exchange of privilege logs in accordance with the ESI Protocol (ECF No. 239).

The parties have not begun depositions. During the pendency of the stay, Lead Plaintiff provided correspondence to Rio Tinto concerning the potential depositions of 25 current and former Rio Tinto employees. Defendants intend to depose numerous witnesses as well, who will be identified and discussed with Plaintiff. The parties will need to meet and confer concerning these witnesses. With regard to certain third-party depositions, Lead Plaintiff and Defendants have both completed the Hague Convention on Evidence process and have served document requests and deposition notices on two non-parties (witnesses cited by Lead Plaintiff in the Third Amended Complaint) with the assistance of the Court (ECF Nos. 234-37). The parties and counsel to the witnesses are discussing coordination and scheduling of these depositions.

Lead Plaintiff also has identified a small number of additional foreign parties from whom it wishes to seek document discovery and testimony. Motions seeking letters of request will be filed with the Court shortly after the November 26, 2024 conference, subject to any guidance the Court provides. Likewise, Defendants intend to seek the Court's assistance in obtaining discovery from individuals located abroad, including through letters rogatory.

**(3)    Proposed deadlines for the completion of discovery, Plaintiffs' motion for class certification, and any motions for summary judgment.**

Given the remaining discovery to be completed, the parties request that the Court enter a scheduling order reflecting the schedule set forth below, which provides for similar time intervals as remained on the pretrial calendar at the time discovery was stayed.

| Event | Deadline |
| --- | --- |
| Discovery Recommences | December 2, 2024 |
| Lead Plaintiff to File Motion for Class Certification | December 23, 2024 |
| Defendants' Opposition to Class Certification | February 25, 2025 |
| Lead Plaintiff's Reply in Support of Class Certification | March 28, 2025 |
| Fact Discovery Completed | August 14, 2025 |
| Deadline for the party(ies) with the burden of proof to serve expert report(s) | September 18, 2025 |
| Deadline for party(ies) to submit rebuttal expert report(s) | October 23, 2025 |
| Expert Discovery Completed (including all expert depositions) | November 25, 2025 |
| Summary Judgment Motions Due | December 15, 2025 |
| Oppositions to Summary Judgment Motions Due | January 24, 2026 |
| Replies in Support of Summary Judgment Motions Due | February 28, 2026 |

**(4)    Status of settlement discussions.**

The parties are prepared to address this topic with the Court at the conference next week.

**(5)    Any other issues that should be addressed at the conference.**

As noted above, Defendants have moved to disqualify one of Lead Plaintiff's consulting experts, John Barber.  ECF Nos. 345-49.  That motion will be fully briefed by December 13, 2024.

The parties wish to inform the Court that the arbitration claims brought by affiliates of Pentwater Capital Management against Rio Tinto and other entities have concluded.

Respectfully,

BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP

/s/ *Salvatore J. Graziano*
Salvatore J. Graziano
James A. Harrod
Michael D. Blatchley
1251 Avenue of the Americas
New York, New York 10020

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Corey Worcester
Sarah Heaton Concannon
Renita Sharma
Jesse Bernstein
Hope Skibitsky

| | |
|---|---|
| Tel: (212) 554-1400<br>Fax: (212) 554-1444<br>salvatore@blbglaw.com<br>jim.harrod@blbglaw.com<br>michaelb@blbglaw.com<br><br>*Lead Counsel for Lead Plaintiff the Pentwater Funds and the Class* | Leigha Empson<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue<br>New York, NY 10010<br>Tel: 212-849-7000<br>Fax: 212-849-7100<br><br>*Counsel for Defendants* |