# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
### ATTORNEYS AT LAW
NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

SALVATORE J. GRAZIANO
(212) 554-1538
salvatore@blbglaw.com

November 20, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re Turquoise Hill Resources Ltd. Sec. Litig.*, No. 1:20-cv-08585 (LJL) (S.D.N.Y.)

Dear Judge Liman:

    Pursuant to Your Honor's Individual Practices § 2(H)(ii) and § 4(b) of Attachment B thereto, we move on behalf of Lead Plaintiff the Pentwater Funds ("Plaintiff") for approval of the and sealing of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Disqualify Lead Plaintiff's Expert John C. Barber (the "Opposition Brief"), and the filings submitted in support, including the Declaration of Salvatore J. Graziano (the "Declaration") and the exhibits submitted therein.

    The Opposition Brief and the Declaration quote and reference documents, and related information, produced by Defendants in this Action that they have designated as Confidential pursuant to the Court's Protective Order. *See* ECF No. 218. Consistent with Your Honor's Individual Practices § 4(b)(ii) of Attachment B, Plaintiff requests that the Court provide the parties one week to confer regarding whether Defendants seek to maintain the redaction and sealing of the portions of these documents containing information designated by them as Confidential in accordance with the Court's October 27, 2023 Memorandum and Order on sealing issues (the "Sealing Order"). *See* ECF No. 297. Pending Defendants' filing of a letter stating their position, Plaintiff has filed unredacted copies of these documents under seal with the text sought to be redacted highlighted, and has filed redacted copies on the public docket.

    Additionally, Exhibits 1 and 2 to the Declaration contain information from a confidential arbitration proceeding in Canada that the Parties have agreed should be designated as confidential pursuant to the Protective Order and as required by the terms of the applicable arbitration agreement. Given Plaintiff's obligations in connection with that agreement, we are

Hon. Lewis J. Liman
November 20, 2024
Page 2

required to request that these Exhibits be maintained under seal. Courts in this Circuit recognize such information is entitled to protection against public disclosure under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *See Stafford v. Int'l Bus. Machines Corp.*, 78 F.4th 62, 71 (2d Cir. 2023) (concluding that sealing should be afforded to confidential arbitration documents where the Circuit "has affirmed decisions to keep judicial documents subject to confidentiality provisions in arbitration or settlement agreements under seal").

      Accordingly, Plaintiff respectfully requests that the Court permit the referenced portions of the Motion and accompanying submissions to remain sealed or in redacted form on the docket pending further submissions from Defendants.

      Respectfully submitted,

/s/ *Salvatore J. Graziano*
Salvatore J. Graziano

cc:    All counsel of record (via ECF)