```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
IN RE TURQUOISE HILL RESOURCES LTD.          :
SECURITIES LITIGATION                                   :           20-cv-8585 (LJL)
:
-----------------------------------------------------------------------X
MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

  Lead Plaintiff, the Pentwater Funds, moves to compel Defendants to produce text messages of each of the 47 custodians identified by Defendants in this case as well as to answer interrogatories seeking the identification of the devices and platforms used for these communications. Dkt. Nos. 375, 377. Defendants have agreed to produce text messages from nine custodians who Defendants contend uses that medium for substantive communications. *Id.* at 1. Plaintiff contends that Defendants should be required to produce text messages for the remaining seven (of 16) custodians who admittedly used text messages about non-substantive matters, as well as for the remaining 32 custodians on grounds that use of such a medium of communication was routine. *Id.* at 3. The motion is granted in part and denied in part.

  Under Federal Rule of Civil Procedure 26(c), a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(c). "Under Rule 34(a)(1), a party is obligated to produce requested documents in the responding part' possession, custody, or control" and "[t]he concept of control has been construed broadly." *Smith v. Pergola*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022). "[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007). However, the

party is required "to conduct a reasonable and diligent search for responsive documents." *Mintz Fraade L. Firm, P.C. v. Brady*, 2021 WL 621206, at *4 (S.D.N.Y. Feb. 17, 2021) (internal citation and quotation omitted). "The Court has the authority to limit the frequency and extent of discovery otherwise allowed by the Federal Rules if, among other reasons, the discovery sought is not proportional to the needs of the case, the burden or expense of the proposed discovery outweighs its likely benefit, or it is unreasonably cumulative or duplicative." *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *1 (S.D.N.Y. Oct. 24, 2022).

The motion is granted to the extent that Defendants shall be required to search the text messages of an additional eight custodians (including Mr. Soirat), as selected by Plaintiffs, and to produce responsive documents. However, the motion is denied to the extent that it would have Defendants search the text messages of more than eight additional custodians. Plaintiffs have produced sufficient evidence to make an "adequate showing" that responsive documents will reside in the text message files of some persons other than those who self-identified as using text messages for substantive reasons. *Golden Trade S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992). However, Plaintiffs have not provided "reason to believe" that all or almost all of the 48 custodians "have relevant and discoverable information in their possession." *Thomas v. City of New York*, 336 F.R.D. 1, 2 (E.D.N.Y. 2020). Defendants represent that they have produced over 354,000 documents with more to come, including from their internal messaging platform. Dkt. No. 397 at 1–2. The request that Defendants search for text messages on more than an additional eight custodians on the oft-chance that one of the additional custodians may have a message responsive to the document request is disproportionate to the needs of the case. *See Arconic Inc. v. Novelis Inc.*, 2018 WL 5634008, at *2 (W.D. Pa. Aug. 3, 2018) (limiting request to top 10).

The request that Defendants answer Interrogatories 5 to 7 is best characterized as "discovery on discovery." *See Freeman v. Giuliani*, 2024 WL 5135913, at *3 (S.D.N.Y. Dec. 17, 2024). Plaintiff has not shown an adequate basis for such discovery and therefore the motion is denied.

The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 375 and 377.

SO ORDERED.

Dated: January 3, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge