```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/5/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                           :
IN RE TURQUOISE HILL RESOURCES LTD.    :
SECURITIES LITIGATION                                :
                                                           :
------------------------------------------------------------------- X      20-cv-8585 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      The parties have moved to seal certain exhibits submitted in connection with Defendants' motion to disqualify Lead Plaintiff's expert, Lead Plaintiff's motion to compel Defendants to produce messaging documents, and Lead Plaintiff's motion to compel Defendants to run search terms. *See* Dkt. Nos. 344, 366, 376, 379, 383, 399, 405, 406. The motion to disqualify Lead Plaintiff's expert and the motion to produce messaging documents have been resolved by prior orders. *See* Dkt. Nos. 421, 425. The motion to compel Defendants to run search terms, Dkt. No. 378, was rendered moot by Defendants' response at Dkt. No. 398, which stated that Defendants agreed to run all requested search terms and produce responsive documents. This order resolves the related motions to seal.

      The motions to seal at Dkt. Nos. 376 and 406 concern Lead Plaintiff's motion to compel production of messaging documents. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Given this lower presumption, Defendants have sufficiently shown that sealing is

appropriate to protect the personally identifiable information of third parties and maintain the confidentiality of commercially sensitive information. Dkt. No. 406. The motions are granted.

The motions to seal at Dkt. Nos. 379 and 405 concern Lead Plaintiff's motion to compel Defendants to run search terms. The motion was rendered moot without Court action. Regardless, the sealed material is minimally useful "to those monitoring the federal courts." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The motions to seal are granted.

The motion to seal at Dkt. No. 344 concerns Defendants' motion to disqualify lead Plaintiff's expert. By letter at Dkt. No. 352, the parties informed the Court that they had agreed to unseal one of the three categories of document originally covered by the motion. Defendants continue to seek sealing of the personally identifiable information of third parties in certain materials, and of exhibits 3–9 to the Concannon Declaration at Dkt. No. 347. Exhibits 3 and 6–9 of the Concannon Declaration are minimally relevant to public understanding of the issues before the Court on the motion to disqualify expert and, in any event, contain confidential business information. They are properly sealed. *See AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701, at *4–5 (N.D.N.Y. Mar. 1, 2021). Exhibits 4 and 5 to the Concannon Declaration are contracts containing confidentiality provisions which are central to the issues before the Court on the motion to disqualify expert. *See* Dkt. No. 425 at 3–5, 16, 25–27. Defendants have not established a basis for sealing the contracts in their entirety. Defendants argues that the contracts contain "commercially sensitive terms and pricing information." Dkt. No. 344 at 3. Such information may be redacted. However, "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" requires that at a minimum the confidentiality provisions and

information necessary to understanding them, including the parties to the agreement, relevant definitions, and the scope of engagement, be unsealed.  *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995)).

The motions to seal at Dkt. No. 366 and 383 concern Lead Plaintiff's opposition to Defendants' motion to disqualify expert.  Defendants' proposed sealing and redaction of all exhibits except exhibits 23 and 25 to the Graziano Declaration are justified due to the need to maintain the prevent the disclosure of confidential business information and protect the personally identifiable information of third parties.  The motions are granted as to these documents.  Exhibits 23 and 25 of the Graziano Declaration, Dkt. Nos. 384-26 and 384-27, reflect correspondence between the parties regarding discovery in this case.  This correspondence does not focus on commercially sensitive information, and its wholesale sealing is not justified.  The motion is denied as to these documents, without prejudice to a motion proposing more targeted redactions.

The motion to seal at Dkt. No. 399 concerns information filed in connection with Defendants' reply memorandum of law in support of the motion to disqualify expert.  The redacted information is minimal and "no broader than necessary" to protect the interests identified above.  *Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New York*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020).  The motion is granted.

The motions to seal at Dkt. Nos. 376, 379, 399, 405, and 406 are GRANTED.  The motions to seal at Dkt. Nos. 344, 366, and 383 are GRANTED IN PART and DENIED IN PART.  By March 19, 2025, the parties may move for targeted redactions to the documents for which sealing was denied.  The documents shall remain sealed pending a decision on such motion.

4

The motion to compel defendants to run search terms, Dkt. No. 378, is DENIED as moot. SO ORDERED.

Dated: March 5, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge