**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8122**

WRITER'S EMAIL ADDRESS
**sarahconcannon@quinnemanuel.com**

April 29, 2025

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *In re Turquoise Hill Resources Ltd. Sec. Litig.*, No. 1:20-cv-08585-LJL

Dear Judge Liman:

Pursuant to Your Honor's Individual Practices § 2(H)(ii) and § 4(b) of Attachment A thereto, we move on behalf of Rio Tinto plc, Rio Tinto Limited, Jean-Sébastien Jacques, and Arnaud Soirat (collectively, "Defendants") to maintain under seal certain redacted information filed in connection with Plaintiff's Motion to Compel a Rule 30(b)(6) Deposition (ECF No. 449, the "Motion) and to maintain under seal one Exhibit thereto.

*First*, Defendants seek approval of their proposed redactions to **Exhibits A, B, I, J, N,** and **O** to the Motion. Defendants' proposed redactions to these documents are minimal, do not unnecessarily impede the presumption of public access, and are justified to protect sensitive commercial information and personal identifying information ("PII") of non-parties.

*Second*, Defendants further seek to maintain under seal **Exhibit H** to the Motion. Defendants do not seek to seal any portion of the Motion discussing this exhibit. The public interest in seeing the document itself is minimal, the document contains sensitive confidential information, and it should be kept under seal.

**1.  Defendants' Proposed Redactions**

Defendants seek minimal redactions of PII from **Exhibits A, B, I, J, N,** and **O** to the Motion.[1] Defendants' proposed redactions are narrowly tailored to redact PII, such as the names

---

[1]    Defendants' proposed redactions to **Exhibits A, B, I, J, N, and O** are attached hereto as, respectively, Exhibits 1, 3, 5, 7, 9, and 11 (sealed and highlighted) and Exhibits 2, 4, 6, 8, 10, and 12 (redacted).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON |

and personal email addresses of employees and other non-parties, consistent with this Court's prior orders. *See* ECF No. 297 at 2; *see also* ECF No. 314 at 6-7 (permitting redactions of "individuals' names").

Additionally, Defendants seek redaction of confidential and sensitive information in **Exhibit J** to the Motion, an April 16, 2025 letter from Defendants' counsel to Plaintiffs' counsel. Defendants' proposed redactions to information therein reflecting confidential communications for settlement purposes protected by Federal Rule of Evidence 408 are justified to "protect[] the confidentiality of the settlement negotiation process." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) ("[P]rotecting the confidentiality of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access and warrant the sealing of settlement negotiations materials."); *see also Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (granting motion to seal settlement communications and redact corresponding passages in briefs and exhibits). Defendants also seek redaction of information concerning litigation holds, which courts routinely permit to remain under seal. *See, e.g., Al Otro Lado, Inc. v. Mayorkas*, 2021 WL 666861, at *2 (S.D. Cal. Feb. 19, 2021) (allowing sealing of litigation hold because "there is no presumptive right of access to such material"); *Bhattacharya v. Murray*, 2022 WL 875032, at *1 (W.D. Va. Mar. 23, 2022) (requiring production of unredacted copies "*ex parte* and under seal … for the Court's *in camera* review").

Defendants' proposed redactions are minimal and do not unnecessarily impede public access. Defendants' limited redactions will not impede the public from having a reasonable understanding of the dispute, particularly given Defendants do not seek any redactions to the Motion itself. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *see also Leonard as Tr. of Poplawski 2008 Ins. Tr.* v. *John Hancock Life Ins. Co. of N.Y.*, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where redactions were to "only a handful of phrases . . . and the proposed redactions are no broader than necessary to protect the compelling interest at stake").

Defendants respectfully request that the Court grant Defendants' motion to redact limited portions of **Exhibits A, B, I, J, N** and **O** to the Motion.

## 2. **Defendants' Sealing Request**

Defendants seek to seal in its entirety **Exhibit H** to the Motion,[2] attached hereto as Exhibit 13, which contains sensitive internal messages among Rio Tinto personnel regarding commercial, public relations, and stakeholder relations strategies and should remain under seal. *See News Corp.*

---

[2]   This Court already has permitted several of the message transcripts in **Exhibit H** to remain under seal. *See* ECF No. 408.

*v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("Courts in this District also routinely seal documents to prevent the disclosure of confidential business information.") (citation omitted); *Telegram Grp.*, 2020 WL 3264264, at *3 ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents.").

Defendants do not seek to seal any portion of the Motion discussing this exhibit, but **Exhibit H** itself contains confidential and sensitive information and should be kept under seal. Its relevant contents are adequately described in the Motion such that it remaining under seal would not impede the public from having a reasonable understanding of the dispute. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (permitting sealing where the "information pertinent to the court's resolution of the [motion] ha[d] been provided through other documents").

In the event that the Court does not permit **Exhibit H** to remain wholly under seal, Defendants request the Court permit them the opportunity to propose redactions to this document, including to the names and other PII of non-parties.

Respectfully submitted,

Sarah Heaton Concannon

cc: All counsel of record via ECF

3