# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE TURQUOISE HILL RESOURCES LTD.
SECURITIES LITIGATION

Case No. 1:20-cv-08585-LJL

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of June 17, 2025 (the "Stipulation") is entered into between (a) Lead Plaintiff PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd., LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio (collectively, "Pentwater Funds" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) Defendants Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), and Jean-Sébastien Jacques and Arnaud Soirat (together, the "Individual Defendants" and, with "Rio Tinto," "Defendants," and, with Lead Plaintiff, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against Defendants and Defendants' Releasees.[1]

WHEREAS:

A.     On October 14, 2020, this Action was filed in the United States District Court for the Southern District of New York (the "Court"), alleging violations of the federal securities laws.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

B.      On December 14, 2020, the Pentwater Funds moved for appointment as Lead Plaintiff and approval of its selection of counsel, which motion was opposed by competing movants.  On January 15, 2021, following receipt of briefing and hearing oral argument, the Honorable Lewis J. Liman appointed the Pentwater Funds as Lead Plaintiff and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.  ECF No. 103.

C.      On March 17, 2021, Lead Plaintiff filed and served the Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against defendants Luke Colton, Jean-Sebastien Jacques, Brendan Lane, Ulf Quellmann, Rio Tinto International Holdings Limited, Rio Tinto Limited, Rio Tinto Plc, Arnaud Soirat, Turquoise Hill Resources Ltd. under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against defendants Rio Tinto plc, Rio Tinto Limited, Rio Tinto International Holdings Limited, Jacques, Soirat, Quellmann, Colton, and Lane under Section 20(a) of the Exchange Act.  ECF 110.

D.      On May 17, 2021, Defendants filed motions to dismiss the Complaint.  ECF No. 111, 114.  On July 17, 2021, Lead Plaintiff filed its opposition to Defendants' motions to dismiss.  ECF No. 122.  On August 9, 2021, Lead Plaintiff sought permission to file a second amended complaint (ECF Nos. 124-25), which the Court granted on August 11, 2021 (ECF No. 126).

E.      On September 16, 2021, Lead Plaintiff filed the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "SAC").  ECF No. 127.

F.      On October 19, 2021, Defendants filed motions to dismiss the SAC.  ECF Nos. 129, 132.  On November 16, 2021, Lead Plaintiff filed its opposition to Defendants' motions to dismiss

the SAC.  ECF No. 135.  On December 17, 2021, Defendants filed their replies in further support of their motions to dismiss the SAC.  ECF No. 137-38.

G.    On September 2, 2022, the Court entered its Order granting the motions to dismiss as to defendants Quellmann, Colton, Lane, Turquoise Hill Resources Ltd. and Rio Tinto International Holdings Limited, and denied the motions to dismiss, in part, as to Defendants Rio Tinto plc and Rio Tinto Limited, Jacques and Soirat.  ECF No. 149.

H.    On October 18, 2022, Defendants Jacques, Rio Tinto Limited, Rio Tinto plc, and Soirat filed their answer to the SAC.  ECF No. 179.  Among other things, Defendants' answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

I.    Discovery in the Action commenced in November 2022.  Pursuant to the discovery schedule initially set by the Court on February 2, 2023 (ECF No. 248), the Parties conducted substantial document discovery, including Defendants' production of many documents in response to Lead Plaintiff's discovery requests as of December 2023.

J.    On December 15, 2023, Lead Plaintiff moved for leave to file a third amended complaint.  ECF No. 305.  On January 8, 2024, the Court granted Lead Plaintiff's motion for leave to file a third amended complaint.  ECF No. 314.  On January 22, 2024, Defendants moved the Court to reconsider its January 8, 2024 order permitting Lead Plaintiff to file a third amended complaint.  ECF No. 320.  Lead Plaintiff filed its opposition to that reconsideration motion on February 5, 2024 (ECF No. 323) and Defendants filed their reply on February 12, 2024 (ECF No. 324).  On February 21, 2024, the Court granted in part and denied in part Defendants' motion for reconsideration and directed Lead Plaintiff to re-file the third amended complaint in accordance with its rulings.  ECF No. 325.

K.    On February 28, 2024, Lead Plaintiff filed the operative Third Amended Complaint for Violations of the Federal Securities Laws ("TAC") in accordance with the Court's February 21, 2024 order.  ECF No. 329.

L.    On March 22, 2024, Defendants filed their motion to dismiss the TAC.  ECF No. 332.  On April 22, 2024, Lead Plaintiff filed its opposition to that motion.  ECF No. 336.  On May 13, 2024, Defendants filed their reply in further support of the motion.  ECF No. 341.

M.    On November 7, 2024, the Court entered an order granting in part and denying in part Defendants' motion to dismiss the TAC.  ECF No. 356.

N.    Defendants filed their answer to the TAC on December 20, 2024.  ECF No. 411. Defendants' answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

O.    Following the Court's order on the TAC, the Court held a case management conference with counsel for the Parties, and subsequently entered a renewed discovery schedule on November 26, 2024.  ECF No. 374.  Over the course of discovery, Defendants produced many documents to Lead Plaintiff.  The Parties met and conferred and exchanged numerous letters and held telephonic meet and confers concerning disputed discovery issues over several years.  Lead Plaintiff also pursued discovery from Defendants through motions to compel resulting in additional discovery.  ECF Nos. 375, 378.

P.    On December 23, 2024, Lead Plaintiff filed a motion for class certification and appointment of class representative and class counsel, which was accompanied by reports from Lead Plaintiff's experts, Matthew Cain, on market efficiency and common damages methodologies, and Joshua Mitts on the domesticity of class members' trades.  ECF No. 415.  On April 3, 2025, Defendants filed their opposition to Lead Plaintiff's motion for class certification,

including reports of Dr. Allen Ferrell on market efficiency and damages methodology, and Brandon Becker on trade domesticity issues.  ECF No. 445.

Q.    On February 5, 2025, the Parties engaged in a private mediation session before the Hon. Layn Phillips (the "Mediator").  In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator.  The Parties did not reach a resolution at that time but agreed to continue settlement discussions.

R.    Following the first mediation session, the Parties continued to engage in discovery, in which Lead Plaintiff vigorously pursued additional document productions from Defendants, including through motions to compel discovery.  ECF Nos. 447, 451.  The Parties also conducted eight depositions, including Defendants' depositions of Lead Plaintiff's two experts who submitted reports in support of Lead Plaintiff's class certification motion and four depositions of representatives of Lead Plaintiff in connection with the class certification motion.  The Parties also conducted depositions of non-party fact witnesses.

S.    On April 25, 2025, the Parties attended a second mediation session with the Mediator.  The Parties did not reach a resolution at that time but agreed to continue settlement discussions.

T.    On April 29, 2025, Lead Plaintiff took the deposition of Defendants' expert Allen Ferrell in connection with Lead Plaintiff's reply in further support of class certification, bringing the total depositions taken in the Action to nine.

U.    On May 1, 2025, the Parties reached an agreement on the financial terms to settle the Action, subject to formal documentation and Court approval.  The agreement's terms were memorialized in a term sheet executed as of May 14, 2025 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against

Defendants and Defendants' Releasees (defined below) in return for a cash payment of $138,750,000 by or on behalf of Defendants for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

V.       This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

W.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

X.       This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of continued litigation and trial. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault,

liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## <u>DEFINITIONS</u>

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)    "Action" means the securities class action in the matter styled *In re Turquoise Hill Resources Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL, in the United States District Court for the Southern District of New York.

(b)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)    "Authorized Claimant" means a Settlement Class Member who or which submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)     "Class Period" means the period from July 17, 2018 through July 31, 2019, inclusive.

(j)     "Court" means the United States District Court for the Southern District of New York.

(k)     "Defendants" means Rio Tinto and the Individual Defendants.

(l)     "Defendants' Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP.

(m)     "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members,

insurers, reinsurers, and attorneys. For the avoidance of doubt, this includes the Former Defendants.

(n)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(o)    "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)    "Escrow Agent" means Citibank, N.A.

(q)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as

submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(s)     "Former Defendants" means Turquoise Hill, RTIH, and the Individual Former Defendants.

(t)     "Immediate Family Members" means as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(u)     "Individual Former Defendants" means Ulf Quellmann, Luke Colton, and Brendan Lane.

(v)     "Individual Defendants" means Jean-Sébastien Jacques and Arnaud Soirat.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Counsel" means the law firm Bernstein Litowitz Berger & Grossmann LLP.

(y)     "Lead Plaintiff" or "Pentwater Funds" means PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd., LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio.

(z)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses

of Lead Plaintiff directly related to its representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(aa)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(bb)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed or emailed to Settlement Class Members.

(cc)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(dd)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ee)    "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

(ff)    "Plaintiffs' Counsel" means Lead Counsel and any additional counsel who have participated in the prosecution of the litigation on behalf of Plaintiffs and who will be identified in Lead Counsel's motion for attorneys' fees.

11

(gg)   "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

(hh)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release (i) claims relating to the enforcement of this Stipulation or the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

(mm)   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including

12

known claims and unknown claims, that Lead Plaintiff or any other member of the Settlement Class asserted in the TAC or could have asserted in any other forum that (i) arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the TAC and (ii) relate to the purchase or acquisition of Turquoise Hill common stock or call options on Turquoise Hill common stock or sales of put options on Turquoise Hill common stock, or swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges during the Class Period. This release <u>does not cover, include, or release</u>: (i) any claims asserted in *de Leeuw v. Turquoise Hill Resources Ltd. et al.*, No. 500-06-001113-204 in the Superior Court of Quebec, District of Montreal, except insofar as Settlement Class members file claims in this Settlement, and for such Settlement Class members only to the extent that the transactions reflected in their claims filed in this Action will be released in this Action, while preserving any claims that are outside the definition of the Settlement Class in this Action; (ii) any claims by any governmental entity (foreign or domestic) relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

(nn) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(oo) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(pp) "Rio Tinto" means Rio Tinto plc and Rio Tinto Limited.

(qq) "RTIH" means Rio Tinto International Holdings, Ltd.

(rr) "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(ss) "Settlement Amount" means $138,750,000 in cash.

13

(tt)    "Settlement Class" means all persons and entities who purchased or otherwise acquired the common stock of Turquoise Hill, call options on Turquoise Hill common stock (or sold put options on Turquoise Hill common stock), or swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, during the Class Period, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and Former Defendants; (ii) Immediate Family Members of any Individual Defendant or Individual Former Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Rio Tinto, RTIH, or Turquoise Hill; (iv) any affiliates or subsidiaries of Rio Tinto, RTIH, or Turquoise Hill; (v) any entity in which any Defendant, Former Defendant, or any member of their Immediate Families has or had a controlling interest; (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities; and (vii) any prohibited person or organization who or which is a sanctions target, the subject of any applicable trade sanction or embargo or appears on a list of prohibited persons or organizations. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(uu)    "Settlement Class Member" means each person or entity who or which is a member of the Settlement Class.

(vv)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and

Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(yy)    "TAC" means the Third Amended Consolidated Complaint for Violations of the Federal Securities Laws dated February 28, 2024.

(zz)    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(aaa)    "Turquoise Hill" or the "Company" means Turquoise Hill Resources Ltd.

(bbb)    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release

and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      No later than ten (10) business days of execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.  Lead Plaintiff will provide Defendants' Counsel with drafts of these motion papers no later than four (4) calendar days in advance of filing.

**RELEASE OF CLAIMS**

4.    The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, the Settlement Amount shall be paid into the Escrow Account within ten (10) business days of the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, contact information for an individual to provide verbal confirmation of wire instructions, and a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of

this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back

election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to

nominee owners for identifying beneficial owners or forwarding the Notice to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or

reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.    Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not

limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Lead Plaintiff shall select a Claims Administrator who is willing and able to oversee the claims administration of any settlement in the action titled *Paulus de Leeuw v. Turquoise Hill Resources Ltd.*, No. 500-06-001113-204 pending in the Superior Court of Québec, District of Montréal, Class Actions Division. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including Defendants' obligation to make best commercially reasonable efforts to provide Turquoise Hill's security lists as provided in ¶ 19 below.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort, including by mailing of the Notice and Claim Form to brokerages and other nominees who are likely to have held securities on behalf of Settlement Class Members. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after entry of the Court's order preliminarily approving the Settlement, Defendants shall make best commercially reasonable efforts, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, to provide or cause to be provided to Lead Counsel or the Claims Administrator, in an electronically searchable form, such as Excel, a list or lists (consisting of names, mailing addresses, and, if available, email addresses) of the record holders of Turquoise Hill common stock during the Class Period.

20.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, or any of the other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.      Any Settlement Class Member who or which does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.      Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant or Defendants' Releasee who is excluded from the Settlement Class shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.      For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)      Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be

rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court

for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION, OR TERMINATION

32.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation or the Supplemental Agreement;

(d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiff nor Defendants seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation or the Supplemental Agreement; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; or (iii) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of May 1, 2025.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, 57, and 58 shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or

such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Lead Plaintiff and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for an award of attorneys' fees or Litigation Expenses or solely with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, Rio Tinto shall have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in its confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other

than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Rio Tinto concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

37.     In addition to the grounds set forth in ¶ 35 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Lead Counsel has first notified Defendants' Counsel in writing of Lead Plaintiff's intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel have provided such written notice.  This remedy is not exclusive; Lead Plaintiff also has the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8.

## NO ADMISSION OF WRONGDOING

38.     Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead

Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the TAC would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due,

or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34 above.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Layn R. Phillips of Phillips ADR Enterprises, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or

such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

50.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:          BERNSTEIN LITOWITZ BERGER &
                                               GROSSMANN LLP
                                               Attn:  Salvatore J. Graziano
                                                      James A. Harrod
                                                      Michael D. Blatchley
                                               1251 Avenue of the Americas
                                               New York, NY 10020
                                               Telephone: (212) 554-1400
                                               Facsimile: (212) 554-1444
                                               Email: salvatore@blbglaw.com
                                                      Jim.Harrod@blbglaw.com
                                                      MichaelB@blbglaw.com

| If to Defendants or Defendants' Counsel: | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| | Attn: Corey Worcester |
| | Sarah Heaton Concannon |
| | 295 Fifth Avenue, 9th Floor |
| | New York, New York 10016 |
| | Telephone:  (212) 849-7000 |
| | Facsimile:  (212) 849 7100 |
| | Email: coreyworcester@quinnemanuel.com |
| | sarahconcannon@quinnemanuel.com |

56.    Except as otherwise provided herein, each Party shall bear its own costs.

57.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law, including where necessary for audit, tax, corporate governance, or financial purposes.

58.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

59.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 17, 2025.

BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP

By: _____
        Salvatore J. Graziano
James A. Harrod
Michael D. Blatchley
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: salvatore@blbglaw.com
        Jim.Harrod@blbglaw.com
        MichaelB@blbglaw.com

*Lead Counsel for Lead Plaintiff and the
Settlement Class*


QUINN EMANUEL URQUHART &
    SULLIVAN, LLP


By:_____
        Corey Worcester
Sarah Heaton Concannon
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone:  (212) 849-7000
Facsimile:   (212) 849 7100
Email: coreyworcester@quinnemanuel.com
        sarahconcannon@quinnemanuel.com

*Counsel for Defendants*

#3701045

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**


By: _____
      Salvatore J. Graziano
James A. Harrod
Michael D. Blatchley
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
Email: salvatore@blbglaw.com
      Jim.Harrod@blbglaw.com
      MichaelB@blbglaw.com

*Lead Counsel for Lead Plaintiff and the
Settlement Class*


**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**


By:_____
      Corey Worcester
Sarah Heaton Concannon
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone:  (212) 849-7000
Facsimile:  (212) 849 7100
Email: coreyworcester@quinnemanuel.com
      sarahconcannon@quinnemanuel.com

*Counsel for Defendants*

#3701045

# Exhibit A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE TURQUOISE HILL RESOURCES LTD.
SECURITIES LITIGATION

Case No. 1:20-cv-08585-LJL

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Turquoise Hill Resources Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL (the "Action");

WHEREAS, (a) Lead Plaintiff PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd., LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio (collectively, "Pentwater Funds" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) Defendants Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), and Jean-Sébastien Jacques and Arnaud Soirat (together, the "Individual Defendants" and, with "Rio Tinto," "Defendants," and, with Lead Plaintiff, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 17, 2025 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons and entities who purchased or otherwise acquired Turquoise Hill common stock, call options on Turquoise Hill common stock (or sold put options on Turquoise Hill common stock), or swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, during the period from July 17, 2018 through July 31, 2019, inclusive (the "Class Period"), and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants and Former Defendants; (ii) Immediate Family Members of any Individual Defendant or Individual Former Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Rio Tinto, RTIH, or Turquoise Hill; (iv) any affiliates or subsidiaries of Rio Tinto, RTIH, or Turquoise Hill; (v) any entity in which any Defendant, Former Defendant, or any member of their Immediate Families has or had a controlling interest; (vi) the legal

representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities; and (vii) any prohibited person or organization who or which is a sanctions target, the subject of any applicable trade sanction or embargo or appears on a list of prohibited persons or organizations. Also excluded from the Settlement Class are any persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i)

of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. in Courtroom 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     Not later than ten (10) calendar days after the date of entry of this Order, Defendants, shall make best commercially reasonable efforts, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, to provide or cause to be provided to Lead Counsel or the Claims Administrator, in an electronically searchable form, such as Excel, a list or lists (consisting of names, mailing addresses, and, if available, email addresses) of the record holders of Turquoise Hill common stock during the Class Period;

(b)     Beginning not later than ten (10) business days after the date of entry of this Order (such date that is ten (10) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records which Defendants provided or caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit

5

3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

      (e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

      8.     **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who, for the benefit of another person or entity (a) purchased or otherwise acquired Turquoise Hill common stock or call options on Turquoise Hill common stock, (b) sold put options on Turquoise Hill common stock; or (c) entered into swap transactions replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges during the Class Period shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; $0.05 per Notice Packet emailed; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.      **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely

responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) or received online no later twenty-one (21) calendar days before the Settlement Hearing.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the

Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *In re Turquoise Hill Resources Ltd. Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91153, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state

that such person or entity "requests exclusion from the Settlement Class in *In re Turquoise Hill Securities Litigation Securities Resources Ltd. Litigation*, Civil Action No. 1:20-cv-8585-LJL"; (iii) state the number of shares of Turquoise Hill common stock (including shares of common stock purchased or held through swap transactions), and the number of call and put options on Turquoise Hill common stock that the person or entity requesting exclusion (a) held as of the opening of trading on July 17, 2018 and (b) purchased/acquired and/or sold from July 17, 2018 through July 31, 2019, inclusive, in domestic transactions or on U.S. exchanges, as well as the dates, number of shares (or underlying shares), and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or

prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member that does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Quinn Emanuel Urquhart & Sullivan, LLP |
| Michael D. Blatchley | Corey Worcester |
| 1251 Avenue of the Americas, 44th Floor | 295 Fifth Avenue, 9th Floor |
| New York, NY  10020 | New York, New York 10016 |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member must include:  (1) the name of this proceeding, *In re Turquoise Hill Resources Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL; (2) the objector's full name, current address, email address (if applicable), and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (5) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Turquoise Hill common stock (including common stock purchased through swap transactions), and the number of call and put options on Turquoise Hill common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period in domestic transactions or on U.S. exchanges, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

20.     Any Settlement Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's

motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in paragraph 18 above so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

23.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in

13

administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

24.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of May 1, 2025, as provided in the Stipulation.

27.    **Use of this Order** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in

connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it

to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29. **<u>Jurisdiction</u>** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Lewis J. Liman
United States District Judge

#3703161

# Exhibit A-1

**fExhibit A-1**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

### NOTICE OF (I) PENDENCY OF CLASS ACTION
### AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
### (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period from July 17, 2018 through July 31, 2019, inclusive (the "Class Period"), you purchased or otherwise acquired the common stock of Turquoise Hill Resources Ltd. ("Turquoise Hill"); purchased or otherwise acquired call options on Turquoise Hill common stock; sold put options on Turquoise Hill common stock; and/or entered into swap transactions replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, and were damaged thereby (the "Settlement Class").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd., LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio (collectively, "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 32 below), has reached a proposed settlement of the Action for **$138,750,000** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Turquoise Hill, the Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 80 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Defendants Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), and Jean-Sébastien Jacques and Arnaud Soirat made material misrepresentations and omissions during the Class Period about the business of Turquoise

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 17, 2025 (the "Stipulation"), which is available at TurquoiseHillSecuritiesLitigation.com.

Hill, including misstatements concerning the development of the Oyu Tolgoi mine in Mongolia and related delays and cost overruns. A more detailed description of the Action is set forth in paragraphs 11-31 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 32 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 44 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of **$138,750,000** in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiff's damages expert estimates that during the Class Period approximately 667,392,913 shares of Turquoise Hill common stock were purchased (including swap transactions replicating a purchase of Turquoise Hill common stock), and 3,448,400 options on Turquoise Hill common stock were purchased or sold, and may have been affected by the conduct at issue in the Action and eligible to participate in the Settlement.[2] If all eligible Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be $0.21 per eligible share of Turquoise Hill common stock (or swap transaction equivalent), and $0.04 per eligible option. **Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their eligible securities, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 13% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation

---

[2] Turquoise Hill common stock, swaps replicating a purchase of Turquoise Hill common stock, and call and put options on Turquoise Hill common stock are collectively referred to as "Turquoise Hill Securities." All options-related amounts in this Notice, including in ¶ 3 and ¶ 5, are per share of the underlying common stock (i.e., 1/100 of an option contract). Turquoise Hill common stock underwent a 1-for-10 consolidation (reverse split) in October 2020, after the Class Period. All per-share values listed in this Notice, including in ¶ 3 and ¶ 5, are based on the value of shares traded during the Class Period (i.e., before the reverse split).

Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $2,600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Lead Counsel's fee and expense application, the estimated average cost will be $0.03 per affected share of Turquoise Hill common stock (or swap transaction equivalent) and $0.01 per eligible option.

6.   **Identification of Attorneys' Representatives:**   Lead Plaintiff and the Settlement Class are represented by Michael D. Blatchley of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York., NY 10020, (800) 380-8496, settlements@blbglaw.com.

7.   **Reasons for the Settlement:**   Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation and trial.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** *POSTMARKED OR SUBMITTED ONLINE* **NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 44 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 45 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS** *RECEIVED* **NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2025 AT** | Filing a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the |

| __:___ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025. | discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice. Please Note: the date and time of the Settlement Hearing—currently scheduled for _____, 2025 at __:___ __.m. Eastern Time—is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, TurquoiseHillSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ..... Page [_]
What Is This Case About? ..... Page [_]
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? ..... Page [_]
What Are Lead Plaintiff's Reasons For The Settlement? ..... Page [_]
What Might Happen If There Were No Settlement? ..... Page [_]
How Are Settlement Class Members Affected By The Action
   And The Settlement? ..... Page [_]
How Do I Participate In The Settlement? What Do I Need To Do? ..... Page [_]
How Much Will My Payment Be? ..... Page [_]
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid? ..... Page [_]
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself? ..... Page [_]
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Speak At The Hearing If I
   Don't Like The Settlement? ..... Page [_]
What If I Bought Shares On Someone Else's Behalf? ..... Page [_]
Can I See The Court File? Whom Should I Contact If I Have Questions? ..... Page [_]
Appendix A: Plan of Allocation of the Net Settlement Fund ..... Page [_]

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or acquired Turquoise Hill common stock or call options on Turquoise Hill common stock, sold put options on Turquoise Hill common stock, or entered into swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 69-70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.    During the Class Period, Turquoise Hill was a mineral-exploration and development company headquartered in Canada.  Turquoise Hill's sole material business was the operation and development of the Oyu Tolgoi mine, a copper and gold mine in southern Mongolia, which is jointly owned with Erdenes Oyu Tolgoi LLC ("EOT"), a state-owned investor representing the Government of Mongolia.  During the Class Period, Turquoise Hill common stock traded on the New York Stock Exchange and Nasdaq, as well as on the Toronto Stock Exchange, under the ticker TRQ.[3]  Rio Tinto, which consists of Rio Tinto plc (a United Kingdom company) and Rio Tinto Limited (an Australian company), is one of the world's largest metals and mining companies.  An affiliate of Rio Tinto International Holdings Limited ("RTIH") served as manager of the Oyu Tolgoi project.  During the Class Period, various subsidiaries of Rio Tinto plc

---

[3] A separate securities class action has been brought in Quebec on behalf of investors who purchased Turquoise Hill securities in the secondary market and held some of all of those securities until after one or both of the alleged corrective disclosures and who are (i) residents in Canada or were residents in Canada at their acquisitions of Turquoise Hill securities (regardless of the exchange on which they acquired the securities); or (ii) acquired Turquoise Hill securities in the secondary market in Canada or elsewhere, other than in the United States.  *See de Leeuw v. Turquoise Hill Resources Ltd. et al.*, No. 500-06-001113-204 in the Superior Court of Quebec, District of Montreal (the "Canadian Class Action").

owned a controlling share of Turquoise Hill's common stock. Following the Class Period, in 2022, Rio Tinto acquired Turquoise Hill and privatized the company.

12.   This Action involves allegations that Rio Tinto and certain of its executives made material misrepresentations and omissions during the Class Period about the development of the Oyu Tolgoi mine and related delays and cost overruns. Lead Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by making these alleged misstatements or controlling Rio Tinto when the misstatements were made. Defendants deny all allegations in the Action and deny any violations of the federal securities laws

13.   On October 14, 2020, this Action was filed in the United States District Court for the Southern District of New York (the "Court"), alleging violations of the federal securities laws.

14.   On December 14, 2020, the Pentwater Funds moved for appointment as Lead Plaintiff and approval of its selection of counsel. On January 15, 2021, the Honorable Lewis J. Liman appointed the Pentwater Funds as Lead Plaintiff and approved Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

15.   On March 17, 2021, Lead Plaintiff filed and served the Amended Consolidated Complaint for Violations of the Federal Securities Laws asserting claims against defendants Luke Colton, Jean-Sebastien Jacques, Brendan Lane, Ulf Quellmann, Rio Tinto International Holdings Limited, Rio Tinto Limited, Rio Tinto Plc, Arnaud Soirat, Turquoise Hill Resources Ltd. under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against defendants Rio Tinto plc, Rio Tinto Limited, Rio Tinto International Holdings Limited, Jacques, Soirat, Quellmann, Colton, and Lane under Section 20(a) of the Exchange Act (the "Initial Complaint").

16.   On May 17, 2021, Defendants and Former Defendants filed motions to dismiss the Initial Complaint. On July 17, 2021, Lead Plaintiff filed its opposition to the motions to dismiss. On August 9, 2021, Lead Plaintiff sought permission to file a second amended complaint, which the Court granted on August 11, 2021.

17.   On September 16, 2021, Lead Plaintiff filed the Second Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "SAC"). On October 19, 2021, Defendants and Former Defendants filed motions to dismiss the SAC, which were fully briefed by December 17, 2021.

18.   On September 2, 2022, the Court entered its Order granting the motions to dismiss as to defendants Quellmann, Colton, Lane, Turquoise Hill Resources Ltd. and Rio Tinto International Holdings Limited, and denying the motions to dismiss, in part, as to Defendants Rio Tinto plc and Rio Tinto Limited, Jacques and Soirat.

19.   On October 18, 2022, Defendants filed their answer to the SAC. Among other things, Defendants' answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

20.   Discovery in the Action commenced in November 2022. Pursuant to the discovery schedule initially set by the Court on February 2, 2023, the Parties conducted substantial document discovery, including Defendants' production of many documents in response to Lead Plaintiff's discovery requests as of December 2023.

21.   On November 10, 2023, Lead Plaintiff notified the court that it intended to move for leave to file a third amended complaint based on information and documents produced in discovery. On November 13, 2023, the Court granted Lead Plaintiff's request for a briefing schedule on the motion to file a third amended complaint. Thereafter, on December 15, 2023, Lead Plaintiff moved for leave to file a third amended complaint, and the Court granted that motion on January 8, 2024. On January 22, 2024,

Defendants moved the Court to reconsider that order and, on February 21, 2024, the Court granted in part and denied in part Defendants' motion for reconsideration and directed Lead Plaintiff to re-file the third amended complaint in accordance with its rulings.

22.    On February 28, 2024, Lead Plaintiff filed the operative Third Amended Complaint for Violations of the Federal Securities Laws ("TAC").  On March 22, 2024, Defendants filed their motion to dismiss the TAC.  The motion was fully briefed on May 13, 2024.  On November 7, 2024, the Court entered an order granting in part and denying in part Defendants' motion to dismiss the TAC.

23.    On December 20, 2024, Defendants filed their answer to the TAC.  Defendants' answer denied Lead Plaintiff's allegations of wrongdoing and asserted various defenses to the claims pled against Defendants.

24.    Following the Court's order on the Complaint, the Court entered a discovery schedule on November 26, 2024.  Over the course of discovery, Defendants produced many documents to Lead Plaintiff.  The Parties met and conferred and exchanged numerous letters and held telephonic meet and confers concerning disputed discovery issues over several years.  Lead Plaintiff also pursued discovery from Defendants through motions to compel resulting in additional discovery.  The Parties also conducted discovery outside the United States, including by seeking letters of request from the Court to obtain documents and deposition testimony from witnesses located outside the U.S.  The Parties took deposition testimony of non-party witnesses and obtained document productions from those witnesses.

25.    On December 23, 2024, Lead Plaintiff filed a motion for class certification and appointment of class representative and class counsel, which was accompanied by reports from Lead Plaintiff's expert on market efficiency and common damages methodologies and Lead Plaintiff's expert on the domesticity of class members' trades.  On April 3, 2025, Defendants filed their opposition to Lead Plaintiff's motion for class certification, including two expert reports of their own.

26.    On February 5, 2025, the Parties engaged in a private mediation session before Hon. Layn Phillips (the "Mediator").  In advance of that session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits to the Mediator.  The Parties did not reach a resolution at that time but agreed to continue settlement discussions.

27.    Following the first mediation session, the Parties continued to engage in discovery, in which Lead Plaintiff vigorously pursued additional document productions from Defendants, including through motions to compel discovery.  In total, the Parties conducted nine depositions: the depositions of the three experts and four representatives of Lead Plaintiff in connection with the class certification motion and the depositions of non-party fact witnesses outside the U.S.

28.    On April 25, 2025, the Parties attended a second mediation session with the Mediator.  The Parties did not reach a resolution at that time but agreed to continue settlement discussions.

29.    On May 1, 2025, the Parties reached an agreement to settle the Action.  The agreement's terms were memorialized in a term sheet executed on May 14, 2025 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants and Defendants' Releasees in the Action in return for a cash payment of $138,750,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

30.    On June 17, 2025, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement.  The Stipulation can be viewed at TurquoiseHillSecuritiesLitigation.com.

31.    On [_____], 2025, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

32.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired Turquoise Hill common stock, call options on Turquoise Hill common stock (or sold put options on Turquoise Hill common stock), or entered into swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, during the Class Period, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and Former Defendants[4]; (ii) Immediate Family Members of any Individual Defendant or Individual Former Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Rio Tinto, RTIH, or Turquoise Hill; (iv) any affiliates or subsidiaries of Rio Tinto, RTIH, or Turquoise Hill; (v) any entity in which any Defendant, Former Defendant, or any member of their Immediate Families has or had a controlling interest; (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities; and (vii) any prohibited person or organization who or which is a sanctions target, the subject of any applicable trade sanction or embargo or appears on a list of prohibited persons or organizations. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below.

**Please Note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2025.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

33.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the substantial risks they would face in establishing liability and damages through the Court's ruling on class certification, summary judgment, pre-trial motions, a trial, and appeals, as well as the length and expense to the Settlement Class of continued proceedings.  The risks of continued litigation concerned each main element of Lead Plaintiff's claims.  Lead Plaintiff would have been required to prove (i) that Defendants' misstatements and omissions were materially false and misleading when made; (ii) that Defendants knew or recklessly disregarded that the statements and related omissions

---

[4] "Former Defendants" means (i) Turquoise Hill Resources Ltd ("Turquoise Hill"); (ii) Rio Tinto International Holdings, Ltd. ("RTIH"); and (iii) Ulf Quellmann, Luke Colton, and Brendan Lane (the "Individual Former Defendants").

were false when made (i.e., Defendants acted with "scienter"); (iii) that the revelation of Defendants' fraud caused the loss suffered by Plaintiffs and the Settlement Class (i.e., loss causation); and (iv) the amount of class-wide damages. Defendants would have had arguments in defense of each of these issues.

34. To start, Lead Plaintiff faced challenges in proving that Defendants made misleading statements or omissions concerning the development of the Oyu Tolgoi mine in Mongolia and related delays and cost overruns. Lead Plaintiff expected that Defendants would have argued that their disclosures are accurate because they were based on the best information available when made. For example, Defendants would argue that none of their statements prior to October 2018 could have been false or misleading because the delays were not definitively established until they completed the reforecast project in October 2018. Defendants would further argue that the alleged misstatements concerning delays, if any, were not material to investors. Defendants would also have argued that their alleged misstatements were not made with "scienter" as required under the Exchange Act. Defendants would have argued that they did not have any fraudulent intent to mislead investors because they disclosed the delays once they were known in October 2018 and disclosed additional delays and the cost overruns as they received new information throughout the alleged Class Period. There was a meaningful risk that the Court or jury could find against Lead Plaintiffs on these issues on a complete record at summary judgment or trial.

35. In addition, Lead Plaintiff expected that Defendants would raise challenges to loss causation, arguing that certain of the price declines at issue were caused by the disclosure of information that was already known to the market. For example, Defendants argued in opposition to Lead Plaintiff's class certification motion that the alleged disclosure on July 31, 2019 that the Oyu Tolgoi project needed additional financing to complete was already known to the market based on the Company's earlier disclosures. If Defendants had succeeded on these arguments, the recoverable damages could have been substantially less than the amount provided in the Settlement.

36. Further, in order to obtain recovery for the Settlement Class, Lead Plaintiff would have to prevail at several stages—on the pending motion for class certification, at summary judgment, and at trial—and, even if it prevailed on those, on the appeals that were likely to follow. Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

37. In light of these and other risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Settlement provides a benefit to the Settlement Class, namely $138,750,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after further proceedings on Lead Plaintiff's motion for class certification and likely summary judgment motions, trial, and appeals, possibly years in the future.

38. Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation and trial. Accordingly, the Settlement is not to be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

39. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of

their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

---

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

---

40.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___] below.

41.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [___] below.

42.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [___]  below.

43.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 44 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 45 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

44.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and unknown claims, that Lead Plaintiff or any other member of the Settlement Class asserted in the Complaint or could have asserted in any other forum that (i) arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the TAC and (ii) relate to the purchase or acquisition of Turquoise Hill common stock or call options on Turquoise Hill common stock or sales of put options on Turquoise Hill common stock, or swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges during the Class Period.  This release does not cover, include, or release: (i) any claims asserted in *de Leeuw v. Turquoise Hill Resources Ltd. et al.*, No. 500-06-001113-204 in the Superior Court of Quebec, District of Montreal, except insofar as Settlement Class Members file claims in this Settlement, and for such Settlement Class Members only to the extent that the transactions reflected in their Claims filed in this Action will be released in this Action, while preserving any claims that are outside the definition of the Settlement Class in this Action; (ii) any claims by any governmental entity (foreign or domestic) relating to the conduct alleged in the Action; or (iii) any claims relating to the enforcement of the Settlement.

---

45.   "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys. For avoidance of doubt, this includes the Former Defendants.

46.   "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

47.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 48 below) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 49 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

48.   "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether arising under federal, state, common, or foreign law, including known claims and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  This release does not cover, include, or release (i) claims relating to the enforcement of the Stipulation or the Settlement; or (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

49.   "Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

---

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

---

50.   To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online* at **TurquoiseHillSecuritiesLitigation.com** no later than _____, **2025**.  A Claim Form is included with this Notice, or you may obtain one from the

website maintained by the Claims Administrator for the Settlement, TurquoiseHillSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-855-779-3513 or by emailing the Claims Administrator at info@TurquoiseHillSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Turquoise Hill Securities, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Turquoise Hill Securities.

51.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

---

### HOW MUCH WILL MY PAYMENT BE?

---

52.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

53.    Pursuant to the Settlement, Defendants have agreed to cause $138,750,000 in cash (the "Settlement Amount") to be paid into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

54.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

55.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

56.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

57.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 44 above) against the Defendants' Releasees (as defined in ¶ 45 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

58.    Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to Turquoise Hill Securities purchased or

sold through the ERISA Plan in any Claim Form they submit in this Action. They should include ONLY Turquoise Hill Securities purchased or sold during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's transactions in Turquoise Hill Securities during the Class Period may be made by the plan's trustees.

59.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

60.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

61.    Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are Turquoise Hill common stock, call options on Turquoise Hill common stock, put options on Turquoise Hill common stock, or swap transactions replicating a purchase of Turquoise Hill common stock (collectively, "Turquoise Hill Securities").

62.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Hearing, Lead Plaintiff will request that the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

63.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 13% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $2,600,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

64.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Turquoise Hill Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91153, Seattle, WA 98111. The Request for Exclusion must be ***received*** no later than _____, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of

the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Turquoise Hill Resources, Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL"; (iii) state the number of shares of Turquoise Hill common stock (including shares of common stock purchased or held through swap transactions), and the number of call and put options on Turquoise Hill common stock that the person or entity requesting exclusion (a) held as of the opening of trading on July 17, 2018 and (b) purchased/acquired and/or sold from July 17, 2018 through July 31, 2019, inclusive, in domestic transactions or on U.S. exchanges, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

65. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

66. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

67. Rio Tinto has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Rio Tinto.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

68. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing**.

69. **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. The Court may decide to allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, TurquoiseHillSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, TurquoiseHillSecuritiesLitigation.com. If the Court allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, TurquoiseHillSecuritiesLitigation.com.**

70. The Settlement Hearing will be held on _____, 2025 at __:__ __.m., before the Honorable Lewis J. Liman of the United States District Court for the Southern District of New York, in Courtroom 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312. At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action

with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

71.    Any Settlement Class Member that does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, electronically with the Court or by letter mailed to the Clerk's Office at the United States District Court for the Southern District of New York, at the address set forth below **on or before _____, 2025**.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2025.**

| Clerk's Office | Lead Counsel | Defendants' Counsel |
|:---:|:---:|:---:|
| United States District Court Southern District of New York Clerk of the Court Daniel Patrick Moynihan U.S. Courthouse 500 Pearl Street New York, NY 10007 | Bernstein Litowitz Berger & Grossmann LLP Michael D. Blatchley 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | Quinn Emanuel Urquhart & Sullivan, LLP Corey Worcester 295 Fifth Avenue, 9th Floor New York, New York 10016 |

72.    Any objection must include  (a) the name of this proceeding, *In re Turquoise Hill Resources Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL; (b) the objector's full name, current address, email address (if applicable), and telephone number; (c) the objector's signature; (d) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (e) documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Turquoise Hill common stock (including common stock purchased through swap transactions), and the number of call and put options on Turquoise Hill common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period (from July 17, 2018 through July 31, 2019, inclusive), in domestic transactions or on U.S. exchanges, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  The documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

73.    You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

74.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before _____, 2025**.  Such persons may be heard orally at the discretion of the Court.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

76.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2025**.

77.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, TurquoiseHillSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

78.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

79.   If, for the beneficial interest of persons or organizations other than yourself, you (a) purchased or otherwise acquired Turquoise Hill common stock or call options on Turquoise Hill common stock, (b) sold put options on Turquoise Hill common stock; or (c) entered into swap transactions replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges during the period from July 17, 2018 through July 31, 2019, inclusive, you must either

   (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or

   (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Turquoise Hill Securities Litigation*, c/o JND Legal Administration, P.O. Box 91153, Seattle, WA 98111.

If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek payment of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Reasonable expenses shall not exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice

Packet mailed; $0.05 per Notice Packet emailed; or $0.05 per name, address, and email address (to the extent available) provided to the Claims Administrator. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, TurquoiseHillSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-855-779-3513.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80.   This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, TurquoiseHillSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Turquoise Hill Securities Litigation*
c/o JND Legal Administration
P.O. Box 91153
Seattle, WA 98111


855-779-3513
TurquoiseHillSecuritiesLitigation.com


-or-

Michael D. Blatchley
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
800-380-8496
settlements@blbglaw.com


**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025                              By Order of the Court
                                                       United States District Court
                                                       Southern District of New York

## PROPOSED PLAN OF ALLOCATION

81.   The objective of the Plan of Allocation (or, the "Plan") is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

82.   In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amounts of artificial inflation in the per-share closing prices of Turquoise Hill Resources Ltd. ("Turquoise Hill") Common Stock, certain Turquoise Hill Swaps ("Relevant Turquoise Hill Swaps"), and call options on Turquoise Hill Common Stock (and artificial deflation in the price of put options on Turquoise Hill Common Stock)  which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

83.   In calculating the estimated artificial inflation (or deflation) allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in publicly traded common stock of Turquoise Hill traded on the NYSE, certain Relevant Turquoise Hill Swaps,5 and Turquoise Hill Call and Put Options ("Turquoise Hill Options" and together with Turquoise Common Stock and Turquoise Swaps, "Turquoise Hill Securities") in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions.  The estimated artificial inflation in Turquoise Hill Common Stock and Relevant Turquoise Hill Swaps is stated in Table A below.  The estimated artificial inflation and deflation for relevant Turquoise Hill Options is stated in Tables C and D below.

84.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between July 17, 2018 and July 31, 2019, inclusive, which had the effect of artificially inflating the prices of Turquoise Hill Common Stock, Relevant Turquoise Hill Swaps, and Turquoise Hill Call Options (and artificially deflating the prices of Turquoise Hill Put Options).  Lead Plaintiff further alleges that corrective information was released to the market on: February 27, 2019, July 15, 2019 (after market close), July 31, 2019 (after market close), which partially removed the artificial inflation or deflation from the prices of Turquoise Hill Securities on: February 27, 2019, February 28, 2019, July 16, 2019, July 17, 2019,6 and August 1, 2019.

85.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of the Turquoise Hill Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who

---

5 Turquoise Hill Swaps that replicate purchases of Turquoise Hill Common Stock with prices that are within the daily trading range of Turquoise Hill Common Stock are considered the "relevant" swaps at issue.  For more information about the documentation of transaction in Turquoise Hill Swaps please see ¶ 100 below.

6 Inflation was introduced on this date, rather than dissipated.

or which purchased or otherwise acquired Turquoise Hill Common Stock, Turquoise Hill Options, and Relevant Turquoise Hill Swaps prior to the first corrective disclosure, which occurred on February 27, 2019, must have held his, her, or its shares of the respective Turquoise Hill Security through at least the opening of trading on February 27, 2019.  A Settlement Class Member who purchased or otherwise acquired Turquoise Hill Securities from February 27, 2019 through and including the close of trading on July 31, 2019, must have held the respective Turquoise Security through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of the respective Turquoise Hill Security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

### Turquoise Hill Common Stock and Relevant Turquoise Hill Swaps

86.    Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Turquoise Hill Common Stock (and Relevant Turquoise Hill Swaps) that is made though a domestic (U.S.) transaction or on a U.S. exchange and is listed on the Claim Form and for which adequate documentation is provided.[7]  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

87.    For each share of Turquoise Hill Common Stock or Relevant Turquoise Hill Swap purchased or otherwise acquired during the period from July 17, 2018 through and including the close of trading on July 31, 2019, in a domestic transaction or on a U.S. exchange, and:

      a)    Sold before February 27, 2019, the Recognized Loss Amount will be $0.00;

      b)    Sold from February 27, 2019 through and including July 31, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

      c)    Sold from August 1, 2019 through and including the close of trading on October 29, 2019 the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between August 1, 2019 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price; or

      d)    Held as of the close of trading on October 29, 2019, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $0.47.[8]

---

[7] On October 23, 2020, Turquoise effected a ten for one reverse stock split of Turquoise Hill Common Stock.  All figures in the Plan are in pre-reverse split terms.

[8]  Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the

**Exchange-Traded Turquoise Hill Call and Put Options**

88.    Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Turquoise Hill Common Stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

89.    Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series." Under the Plan of Allocation, the artificial inflation per share (i.e., 1/100 of a contract) for each series of Turquoise Hill call options and the artificial deflation per share (i.e., 1/100 of a contract) for each series of Turquoise Hill put options has been calculated by Lead Plaintiff's damages expert.

90.    Table C sets forth the artificial inflation per share in Turquoise Hill call options during the Class Period.  Table D sets forth the artificial deflation per share in Turquoise put options during the Class Period.  Tables C and D list only series of Turquoise Hill options that had open interest on one of the alleged corrective disclosure dates and which expired on or after February 27, 2019—the date of the first alleged corrective disclosure—because any option closed or expiring prior to that date has a Recognized Loss Amount of zero

91.    For each Turquoise Hill call option purchased or otherwise acquired during the Class Period and closed (through sale, exercise, or expiration) from July 17, 2018 through July 31, 2019, and for each Turquoise Hill put option sold (written) during the Class Period and closed (through purchase, exercise, or expiration) from July 17, 2018 through July 31, 2019, an "Out-of-Pocket Loss" will be calculated.  For Turquoise Hill call options closed through sale, the Out-of-Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  For Turquoise Hill call options closed through exercise or expiration, the Out-of-Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the value per option on the date of exercise or expiration.  For Turquoise Hill put options closed through purchase, the Out-of-Pocket Loss is the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale (writing) price (excluding all fees, taxes, and commissions).  For Turquoise Hill put options closed through exercise or expiration, the Out-of-Pocket Loss is the value per option on the date of exercise or expiration minus the sale (writing) price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out-of-Pocket Loss results in a negative number, that number shall be set to zero.

92.    For each exchange-traded Turquoise Hill call option purchased or acquired from July 17, 2018 through and including July 31, 2019, in a domestic transaction or on a U.S. exchange, and

        a)    Closed (through sale, exercise, or expiration) prior to February 27, 2019, the Recognized Loss Amount for each such share shall be zero.

        b)    Closed (through sale, exercise, or expiration) from February 27, 2019 through July 31, 2019, the Recognized Loss Amount for each such share shall be the lesser of: (i) the artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table C below minus the artificial inflation applicable to each such share on the date of close as set forth in Table C below, and (ii) the Out-of-Pocket Loss.

---

closing prices of Turquoise Hill Common Stock during the "90-day look-back period," August 1, 2019 through and including the close of trading on October 29, 2019.  The mean (average) closing price for Turquoise Hill Common Stock during this 90-day look-back period was $0.47.

c)      Open as of the close of trading on July 31, 2019, the Recognized Loss Amount for each such share shall be the lesser of: (i) the artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table C below, or (ii) the actual purchase/acquisition price of each such share minus the closing price on August 1, 2019 (i.e., the "Holding Price") as set forth in Table C below.

93.    For each exchange-traded Turquoise Hill put option sold (written) from July 17, 2018 through and including July 31, 2019, in a domestic transaction or on a U.S. exchange, and

a)      Closed (through purchase, exercise, or expiration) prior to February 27, 2019, the Recognized Loss Amount for each such share shall be zero.

b)      Closed (through purchase, exercise, or expiration) from February 27, 2019 through July 31, 2019, the Recognized Loss Amount for each such share shall be the lesser of: (i) the artificial deflation applicable to each such share on the date of sale (writing) as set forth in Table D below minus the artificial deflation applicable to each such share on the date of close as set forth in Table D below, and (ii) the Out-of-Pocket Loss.

c)      Open as of the close of trading on July 31, 2019, the Recognized Loss Amount for each such share shall be the lesser of: (i) the artificial deflation applicable to each such share on the date of sale (writing) as set forth in Table D below, or (ii) the closing price on August 1, 2019 (i.e., the "Holding Price") as set forth in Table D below minus the sale (writing) price.

## ADDITIONAL PROVISIONS

94.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all Turquoise Securities.

95.    **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of any Turquoise Hill Security during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings of the like Turquoise Hill Security at the beginning of the Class Period, and then against purchases/acquisitions of the like Turquoise Hill Security in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

96.    **"Purchase/Acquisition Price" and "Sale Price":**  For the purposes of calculations under ¶¶ 87, 92, and 93 above, "purchase/acquisition price" means the actual price paid, excluding fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting fees, commissions, or taxes.

97.    **"Purchase/Acquisition/Sale" Dates:**  Purchases or acquisitions and sales of Turquoise Hill Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Any transactions in Turquoise Hill Securities executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.  The receipt or grant by gift, inheritance, or operation of law of Turquoise Hill Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of those Turquoise Hill Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Turquoise Hill Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and

(iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such Turquoise Hill Securities.

98.   **U.S. Exchange or Domestic Transactions:** As noted above, purchases or otherwise acquisitions of  Turquoise Hill common stock, call options on Turquoise Hill common stock, or swaps replicating a purchase of Turquoise Hill common stock (or sales of put options on Turquoise Hill common stock) are only eligible for a Recognized Loss Amount if the purchase or sale was made through a domestic (U.S.) transaction or on a U.S. exchange.  Due to the fact that Turquoise Hill securities traded in both the United States and Canada, Claimants may be required to provide documentation or other proof showing that their transactions in Turquoise Hill Securities during the Class Period occurred on a United States exchange or otherwise occurred in the United States.  If Claimants cannot show that the purchase or sale was made on a United States exchange (such as the New York Stock Exchange or Nasdaq), they must submit documentation sufficient to show that the purchase or acquisition occurred in the United States.  Generally, a brokerage statement or transaction confirmation showing that the transaction was executed in U.S. dollars and the shares were received into custodial or brokerage account located in the United States will suffice.

99.   A Claimant will not eligible to recover in this Action for the same purchases, acquisitions, or sales of Turquoise Hill Securities for which he, she, or it submits in the Canadian Class Action (see ¶ 11 n.3 above), and will be requested to certify in the Claim Form that his, her, or its Claim does not include such purchases or sales.  To the extent the information is available, the Claims Administrator may compare the claims submitted by Claimants in this Action with the information on claims submitted in the Canadian Class Action, and if the same Claimant submitted a claim that is eligible for recovery in the Canadian Class Action, the purchases, acquisitions, or sales that were eligible in the Canadian Class Action will be excluded from recovery in this Action.

100.  **Swap Transactions:** If a Claimant entered into a swap transaction that replicates a purchase of Turquoise Hill common stock, they must provide documentation of the date, price of the underlying Turquoise Hill common stock shares, and the terms and conditions of the swap sufficient to show that the economic effect of the swap is to replicate a purchase of Turquoise Hill common stock

101.  **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Turquoise Hill Security.  The date of a "short sale" is deemed to be the date of sale of the Turquoise Hill Security.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.  In the event that a Claimant has an opening short position in a Turquoise Hill Security, the earliest purchases or acquisitions of the security during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

102.  If a Claimant has "written" Turquoise Hill call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, the earliest Class Period purchases or acquisitions shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

103.  If a Claimant has purchased or acquired Turquoise Hill put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option.  In accordance with the Plan of Allocation, the earliest sales or dispositions of like

put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

104. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Turquoise Hill Securities purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.  Any Recognized Loss Amount arising from purchases of Turquoise Hill Securities acquired during the Class Period through the exercise of an option on the security[9] shall be computed as provided for other purchases of Turquoise Common Stock in the Plan of Allocation.

105. **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Turquoise Hill Securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[10] and (ii) the sum of the Claimant's Total Sales Proceeds[11] and the Claimant's Holding Value.[12]  If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number,

---

[9] This includes (1) purchases of Turquoise Hill Common Stock as the result of the exercise of a call option, and (2) purchases of Turquoise Hill Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[10]  The "Total Common Stock Purchase Amount" is the total amount the Claimant paid for all shares of Turquoise Hill Common Stock purchased/acquired during the Class Period, the "Total Swap Purchase Amount" is the total amount the Claimant paid for all Turquoise Swaps purchased/acquired during the Class Period, the "Total Call Option Purchase Amount" is the total amount the Claimant paid for all call options purchased/acquired during the Class Period, and the "Total Put Option Sale Amount" is the total dollar amount the Claimant sold (wrote) of put options during the Class Period .  The sum of the Total Common Stock Purchase Amount, the Total Swap Purchase Amount, the Total Call Option Purchase Amount, and the Total Put Option Sale Amount shall be the "Total Purchase Amount."

[11]  The Claims Administrator shall match any sales of Turquoise Hill Common Stock, Turquoise Swaps, Turquoise Hill Call Options, Turquoise Hill Put Options (closed) during the Class Period first against the Claimant's opening position in the like Turquoise Hill Security (the proceeds of those sales (closes for puts) will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining shares of Turquoise Hill Common Stock sold during the Class Period is the "Total Common Stock Sales Proceeds," the total amount received for sales of the remaining shares of Turquoise Hill Swaps sold during the Class Period is the "Total Swap Sales Proceeds," the total amount for sales of the remaining Turquoise Hill Call Options sold during the Class Period is the "Total Call Option Sales Proceeds," and the total amount received for closing Turquoise Hill Put Options during the Class Period is the "Total Put Option Close Position."  The sum of the Total Common Stock Sales Proceeds, the Total Swap Sales Proceeds, the Total Call Option Sales Proceeds, and the Total Put Option Close Position shall be the "Total Sales Proceeds."

[12]  The Claims Administrator shall ascribe a "Common Stock Holding Value" or "Swap Holding Value" of  $0.53 to each share of Turquoise Hill Common Stock or Relevant Turquoise Hill Swap purchased/acquired during the Class Period that was still held as of the close of trading on July 31, 2019. The Claims Administrator shall ascribe an "Options Holding Value" as shown in Tables C and D below for Turquoise Hill Call and Put Options, respectively.  The sum of the Common Stock Holding Value, the Swap Holding Value, and the Options Holding Value shall be the "Holding Value."

that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

106.  If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Turquoise Hill Securities during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Turquoise Hill Securities during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

107.  **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

108.  If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

109.  If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

110.  After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such distribution.  Additional distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such further distributions, would be cost-effective.  At such time as it is determined that the further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organizations to be selected by Lead Counsel and approved by the Court.

111.  Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, Lead Plaintiff's damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment

of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.TurquoiseHillSecuritiesLitigation.com.

**TABLE A**

**Estimated Artificial Inflation in Turquoise Hill Common Stock**
**July 17, 2018 through July 31, 2019**

| Date Range | Artificial Inflation Per Share of Turquoise Hill Common Stock |
|---|---|
| July 17, 2018 – February 26, 2019 | $0.85 |
| February 27, 2019 | $0.59 |
| February 28, 2019 – July 15, 2019 | $0.50 |
| July 16, 2019 | $0.00 |
| July 17, 2019 – July 31, 2019 | $0.03 |

**Table B**
**Turquoise Hill Common Stock Closing Price and Average Closing Price**
**August 1, 2019 - October 29, 2019**

| Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between August 1, 2019 and Date Shown |
|---|---|---|---|---|---|
| 8/1/2019 | $0.53 | $0.53 | 9/17/2019 | $0.46 | $0.47 |
| 8/2/2019 | $0.53 | $0.53 | 9/18/2019 | $0.44 | $0.47 |
| 8/5/2019 | $0.55 | $0.53 | 9/19/2019 | $0.45 | $0.47 |
| 8/6/2019 | $0.51 | $0.53 | 9/20/2019 | $0.46 | $0.47 |
| 8/7/2019 | $0.50 | $0.52 | 9/23/2019 | $0.49 | $0.47 |
| 8/8/2019 | $0.50 | $0.52 | 9/24/2019 | $0.51 | $0.47 |
| 8/9/2019 | $0.46 | $0.51 | 9/25/2019 | $0.51 | $0.47 |
| 8/12/2019 | $0.47 | $0.50 | 9/26/2019 | $0.47 | $0.47 |
| 8/13/2019 | $0.47 | $0.50 | 9/27/2019 | $0.49 | $0.47 |
| 8/14/2019 | $0.49 | $0.50 | 9/30/2019 | $0.48 | $0.47 |
| 8/15/2019 | $0.47 | $0.50 | 10/1/2019 | $0.46 | $0.47 |
| 8/16/2019 | $0.47 | $0.49 | 10/2/2019 | $0.47 | $0.47 |
| 8/19/2019 | $0.45 | $0.49 | 10/3/2019 | $0.46 | $0.47 |
| 8/20/2019 | $0.43 | $0.49 | 10/4/2019 | $0.44 | $0.47 |
| 8/21/2019 | $0.48 | $0.49 | 10/7/2019 | $0.44 | $0.47 |
| 8/22/2019 | $0.50 | $0.49 | 10/8/2019 | $0.42 | $0.47 |
| 8/23/2019 | $0.48 | $0.49 | 10/9/2019 | $0.43 | $0.47 |
| 8/26/2019 | $0.47 | $0.49 | 10/10/2019 | $0.44 | $0.47 |
| 8/27/2019 | $0.45 | $0.48 | 10/11/2019 | $0.47 | $0.47 |
| 8/28/2019 | $0.46 | $0.48 | 10/14/2019 | $0.47 | $0.47 |
| 8/29/2019 | $0.44 | $0.48 | 10/15/2019 | $0.48 | $0.47 |
| 8/30/2019 | $0.44 | $0.48 | 10/16/2019 | $0.47 | $0.47 |
| 9/3/2019 | $0.41 | $0.48 | 10/17/2019 | $0.46 | $0.47 |
| 9/4/2019 | $0.43 | $0.47 | 10/18/2019 | $0.46 | $0.47 |
| 9/5/2019 | $0.42 | $0.47 | 10/21/2019 | $0.45 | $0.47 |
| 9/6/2019 | $0.44 | $0.47 | 10/22/2019 | $0.45 | $0.47 |
| 9/9/2019 | $0.46 | $0.47 | 10/23/2019 | $0.46 | $0.47 |
| 9/10/2019 | $0.48 | $0.47 | 10/24/2019 | $0.45 | $0.47 |
| 9/11/2019 | $0.48 | $0.47 | 10/25/2019 | $0.46 | $0.47 |
| 9/12/2019 | $0.47 | $0.47 | 10/28/2019 | $0.46 | $0.47 |
| 9/13/2019 | $0.48 | $0.47 | 10/29/2019 | $0.45 | $0.47 |
| 9/16/2019 | $0.46 | $0.47 | | | |

**TABLE C**

**Turquoise Hill Call Options**
**Artificial Inflation per Share and Holding Prices**
**July 17, 2018 through July 31, 2019**

| Expiration Date | Strike Price | Call Option Artificial Inflation per Share During Trading Periods | | | | | Holding Price |
|---|---|---|---|---|---|---|---|
| | | 07/17/2018 through 02/26/2019 | 02/27/2019 | 02/28/2019 through 07/15/2019 | 07/16/2019 | 07/17/2019 through 07/31/2019 | |
| 3/15/2019 | $1.00 | $0.45 | $0.16 | | | | |
| 3/15/2019 | $2.00 | $0.14 | $0.00 | | | | |
| 3/15/2019 | $4.00 | $0.02 | $0.02 | | | | |
| 4/18/2019 | $1.00 | $0.39 | $0.08 | | | | |
| 4/18/2019 | $2.00 | $0.16 | $0.04 | | | | |
| 4/18/2019 | $3.00 | $0.02 | $0.00 | | | | |
| 6/21/2019 | $1.00 | $0.41 | $0.00 | | | | |
| 6/21/2019 | $2.00 | $0.18 | $0.04 | | | | |
| 6/21/2019 | $3.00 | $0.05 | $0.00 | | | | |
| 7/19/2019 | $1.00 | | | $0.05 | $0.00 | | |
| 8/16/2019 | $1.00 | | | $0.13 | $0.00 | $0.00 | $0.03 |
| 8/16/2019 | $3.00 | | | $0.03 | $0.03 | $0.03 | $0.03 |
| 9/20/2019 | $1.00 | $0.56 | $0.23 | $0.13 | $0.00 | $0.00 | $0.03 |
| 9/20/2019 | $2.00 | $0.21 | $0.04 | $0.00 | $0.00 | $0.00 | $0.03 |
| 9/20/2019 | $3.00 | $0.06 | $0.00 | $0.00 | -$0.04 | $0.00 | $0.03 |
| 9/20/2019 | $4.00 | $0.02 | $0.00 | $0.00 | $0.00 | $0.00 | $0.03 |
| 12/20/2019 | $1.00 | | | $0.15 | $0.00 | $0.00 | $0.03 |
| 12/20/2019 | $4.00 | | | $0.07 | $0.02 | $0.02 | $0.08 |
| 3/20/2020 | $2.00 | | | | | $0.18 | $0.03 |
| 3/20/2020 | $3.00 | | | | | $0.05 | $0.08 |

## TABLE D

**Turquoise Hill Put Options**
**Artificial Deflation per Share and Holding Prices**
**July 17, 2018 through July 31, 2019**

| Expiration Date | Strike Price | Put Option Artificial Deflation per Share During Trading Periods | | | | | Holding Price |
|---|---|---|---|---|---|---|---|
| | | 07/17/2018 through 02/26/2019 | 02/27/2019 | 02/28/2019 through 07/15/2019 | 07/16/2019 | 07/17/2019 through 07/31/2019 | |
| 3/15/2019 | $2.00 | $0.23 | $0.16 | | | | |
| 3/15/2019 | $3.00 | $0.34 | $0.08 | | | | |
| 4/18/2019 | $2.00 | $0.19 | $0.14 | | | | |
| 6/21/2019 | $2.00 | $0.20 | $0.10 | | | | |
| 6/21/2019 | $3.00 | $0.29 | $0.00 | | | | |
| 7/19/2019 | $1.00 | | | $0.35 | -$0.15 | | |
| 7/19/2019 | $2.00 | | | $0.45 | -$0.15 | | |
| 7/19/2019 | $3.00 | | | $0.45 | -$0.08 | | |
| 8/16/2019 | $1.00 | | | $0.38 | -$0.05 | $0.03 | $0.48 |
| 8/16/2019 | $2.00 | | | $0.53 | $0.18 | $0.18 | $1.70 |
| 9/20/2019 | $1.00 | $0.46 | $0.46 | $0.44 | $0.11 | $0.13 | $0.48 |
| 9/20/2019 | $2.00 | $0.75 | $0.65 | $0.59 | $0.06 | $0.12 | $1.68 |
| 12/20/2019 | $1.00 | | | $0.33 | $0.00 | $0.00 | $0.50 |
| 12/20/2019 | $2.00 | | | $0.51 | $0.03 | $0.03 | $1.50 |
| 3/20/2020 | $2.00 | | | | | $0.02 | $1.60 |

# Exhibit A-2

**Exhibit A-2**

***Turquoise Hill Securities Litigation***
**Toll-Free Number: (855) 779-3513**
**Email:  info@TurquoiseHillSecuritiesLitigation.com**
**Website:  TurquoiseHillSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at TurquoiseHillSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or received no later than _____, 2025**.

### Mail to:

***Turquoise Hill Securities Litigation***
**c/o JND Legal Administration**
**P.O. Box 91153**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL COMMON STOCK (TRQ, CUSIP: 900435108)** | **6** |
| **PART IV – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL CALL OPTIONS** | **8** |
| **PART V – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL PUT OPTIONS** | **10** |
| **PART VI – RELEASE OF CLAIMS AND SIGNATURE** | **12** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                                          Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                                          Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Address (Second line, if needed)

City                                                          State/Province      Zip Code

Foreign Postal Code (if applicable)                    Foreign Country (if applicable)

Telephone Number (Day)                                  Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**
Specify one of the following:

- [ ] Individual(s)
- [ ] Partnership
- [ ] Corporation
- [ ] Estate
- [ ] UGMA Custodian
- [ ] Trust
- [ ] IRA
- [ ] Other (describe: _____ )

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the Schedule of Transactions in Parts III, IV, and V of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of (i) Turquoise Hill Resources Ltd. ("Turquoise Hill") common stock; (ii) swap transactions that replicate a purchase of Turquoise Hill common stock; (iii) call options on Turquoise Hill common stock; and (iii) put options on Turquoise Hill common stock (collectively, "Turquoise Hill Securities"), including free transfers and deliveries, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5.      **Please note**:  Only Turquoise Hill common stock (or swap transaction that replicate a common stock purchase) or call options on Turquoise Hill common stock purchased/acquired, or put options on Turquoise Hill common stock sold (written) during the Class Period (i.e., from July 17, 2018 through July 31, 2019, inclusive) in domestic (U.S.) transactions or on U.S. exchanges are eligible under the Settlement.  However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions and sales of Turquoise Hill common stock during the period from August 1, 2019 through October 29, 2019 (i.e., the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the eligible Turquoise Hill Securities set forth in the Schedules of Transactions in Parts III to V of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Due to the fact that Turquoise Hill securities traded in both the United States and Canada you may be required to provide documentation or other proof that

your transactions in Turquoise Hill Securities during the Class Period occurred on a United States exchange or otherwise occurred in the United States. To the extent that you report swap transactions that replicate a purchase of Turquoise Hill common stock during the Class Period, you may be required to provide information reflecting the terms and conditions of such swaps sufficient to ensure that such swap transactions are eligible for payment under the Plan of Allocation. The Parties and the Claims Administrator do not independently have information about your investments in the Turquoise Hill Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Turquoise Hill Securities. The complete name(s) of the beneficial owner(s) must be entered. If you held the Turquoise Hill Securities in your own name, you were the beneficial owner as well as the record owner. If, however, your Turquoise Hill Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Turquoise Hill Securities made on behalf of a single beneficial owner.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Turquoise Hill Securities; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Turquoise Hill Securities you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@TurquoiseHillSecuritiesLitigation.com, or by toll-free phone at (855) 779-3513, or you can visit the website, TurquoiseHillSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the settlement website at TurquoiseHillSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@TurquoiseHillSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@TurquoiseHillSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT:  PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (855) 779-3513.**

**PART III – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL COMMON STOCK AND SWAPS REPLICATING A PURCHASE OF TURQUOISE HILL COMMON STOCK**

Complete this Part III only if you purchased or otherwise acquired Turquoise Hill common stock during the period from July 17, 2018 through July 31, 2019, inclusive, or you entered into a swap transaction replicating a purchase of Turquoise Hill common stock during the same period, *on U.S. exchanges or otherwise in domestic transactions in the United States*.  Do not include information regarding any other securities on this schedule. Please include proper documentation with your Claim Form as described in General Instructions, ¶ 6, above.

| 1. **HOLDINGS AS OF JULY 17, 2018** – State the total number of shares of Turquoise Hill common stock held as of the opening of trading on July 17, 2018.  (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ |
|---|---|

2. **PURCHASES/ACQUISITIONS FROM JULY 17, 2018 THROUGH JULY 31, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Turquoise Hill common stock from July 17, 2018 through the close of trading on July 31, 2019 *in a domestic (U.S.) transaction or on a U.S. exchange*.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | U.S. Exchange Executed On (e.g. NYSE or Nasdaq) (or, if another exchange or OTC, provide documentation of domesticity)[1] | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|---|
| /    / | | $ | $ | | ☐ |
| /    / | | $ | $ | | ☐ |
| /    / | | $ | $ | | ☐ |
| /    / | | $ | $ | | ☐ |
| /    / | | $ | $ | | ☐ |
| /    / | | $ | $ | | ☐ |

---

[1] If your purchase or acquisition of Turquoise Hill common stock was not made on a public exchange such as the New York Stock Exchange ("NYSE") or Nasdaq, or if it was made on a foreign exchange, you must submit documentation sufficient to show that the purchase or acquisition occurred in the United States.  Generally, a brokerage statement or transaction confirmation showing that the transaction was executed in U.S. dollars and the shares were received into custodial or brokerage account located in the United States will suffice.  If you entered into a swap transaction that replicates a purchase of Turquoise Hill common stock, you must provide documentation of the date, price of the underlying Turquoise Hill shares, and the terms and conditions of the swap sufficient to show that the economic effect of the swap is to replicate a purchase of Turquoise Hill common stock.

**3. PURCHASES/ACQUISITIONS FROM AUGUST 1, 2019 THROUGH OCTOBER 29, 2019** – State the total number of shares of Turquoise Hill common stock purchased or acquired (including free receipts) from August 1, 2019 through the close of trading on October 29, 2019. If none, write "zero" or "0."

| 4. SALES FROM JULY 17, 2018 THROUGH OCTOBER 29, 2019 – Separately list each and every sale or disposition (including free deliveries) of Turquoise Hill common stock from July 17, 2018 through the close of trading on October 29, 2019. (Must be documented.) | | | | IF NONE, CHECK HERE ☐ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |
| /     / | | $ | $ | ☐ |

| 5. HOLDINGS AS OF OCTOBER 29, 2019 – State the total number of shares of Turquoise Hill common stock held as of the close of trading on October 29, 2019. (Must be documented.) If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ |
|---|---|

☐  **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS IN TURQUOISE HILL COMMON STOCK AND SWAPS YOU MUST PHOTOCOPY THESE PAGES AND CHECK THE BOX AT LEFT. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

## PART IV – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL CALL OPTIONS

Complete this Part IV only if you purchased or otherwise acquired Turquoise Hill call options during the period from July 17, 2018 through July 31, 2019, inclusive, *on U.S. exchanges or otherwise in domestic transactions in the United States*.  Please be sure to include proper documentation with your Claim Form as described in detail in General Instructions, ¶ 8, above. Do not include information in this section regarding securities other than Turquoise Hill call options.

**1.  HOLDINGS AS OF JULY 17, 2018** – Separately list all positions in Turquoise Hill call option contracts in which you had an open interest as of the opening of trading on July 17, 2018. (Must be documented.) If none, check here: □.

Confirm Proof of Holding Position Enclosed

□

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2.  PURCHASES/ACQUISITIONS FROM JULY 17, 2018 THROUGH JULY 31, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Turquoise Hill call option contracts from after the opening of trading on July 17, 2018 through and including the close of trading on July 31, 2019 *in a domestic (U.S.) transaction or on a U.S. exchange*. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contact | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Inert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3. SALES FROM JULY 17, 2018 THROUGH JULY 31, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Turquoise Hill call options from after the opening of trading on July 17, 2018 through and including the close of trading on July 31, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call Option Contact | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts Sold | Sale Price Per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Inert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | | | |
| / / | $ | / / | | | $ | | | |
| / / | $ | / / | | | $ | | | |
| / / | $ | / / | | | $ | | | |
| / / | $ | / / | | | $ | | | |

**4. HOLDINGS AS OF JULY 31, 2019** – Separately list all positions in Turquoise Hill call options in which you had an open interest as of the close of trading on July 31, 2019. (Must be documented.) If none, check here: ☐.

Confirm Proof of Holding Position Enclosed ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

☐ **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS IN TURQUOISE HILL CALL OPTIONS YOU MUST PHOTOCOPY THESE PAGES AND CHECK THE BOX AT LEFT. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.**

## PART V – SCHEDULE OF TRANSACTIONS IN TURQUOISE HILL PUT OPTIONS

Complete this Part V only if you sold (wrote) put options on Turquoise Hill common stock during the period from July 17, 2018 through July 31, 2019, inclusive, *on U.S. exchanges or otherwise in domestic transactions in the United States*. Please be sure to include proper documentation with your Claim Form as described in detail in General Instructions, ¶ 8, above. Do not include information in this section regarding securities other than put options on Turquoise Hill common stock.

**1. HOLDINGS AS OF JULY 17, 2018** – Separately list all positions Turquoise Hill put option contracts in which you had an open interest as of the opening of trading on July 17, 2018. (Must be documented.) If none, check here: □.

Confirm Proof of Holding Position Enclosed
□

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest (including any short holdings) |
|---|---|---|---|
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |
| $ | / / | | |

**2. SALES (WRITING) FROM JULY 17, 2018 THROUGH JULY 31, 2019, INCLUSIVE** – Separately list each and every sale (writing) (including free deliveries) of Turquoise Hill put options from after the opening of trading on July 17, 2018 through and including the close of trading on through July 31, 2019 *in a domestic (U.S.) transaction or on a U.S. exchange*. (Must be documented.)

| Date of Sale (Writing) (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contact | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Sold (Written) | Sale Price Per Put Option Contract | Total Sale Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Assignment Date (Month/Day/Year) |
|---|---|---|---|---|---|---|---|---|
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |
| / / | $ | / / | | | $ | $ | | / / |

**3. PURCHASES/ACQUISITIONS JULY 17, 2018 THROUGH JULY 31, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Turquoise Hill put option contracts from after the opening of trading on July 17, 2018 through and including the close of trading on through July 31, 2019. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Strike Price of Put Option Contact | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Put Option Contract | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Insert an "A" if Assigned Insert an "E" if Exercised Insert an "X" if Expired | Assignment Date (Month/Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| /    / | $ | /    / | | | $ | | | |
| /    / | $ | /    / | | | $ | | | |
| /    / | $ | /    / | | | $ | | | |
| /    / | $ | /    / | | | $ | | | |
| /    / | $ | /    / | | | $ | | | |

**4. HOLDINGS AS OF JULY 31, 2019** – Separately list all positions Turquoise Hill put option contracts in which you had an open interest as of the close of trading on July 31, 2019. (Must be documented.) If none, check here: ☐.

Confirm Proof of Holding Position Enclosed ☐

| Strike Price of Put Option Contract | Expiration Date of Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |
| $ | /    / | | |

| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS IN TURQUOISE HILL PUT OPTIONS YOU MUST PHOTOCOPY THESE PAGES AND CHECK THE BOX AT LEFT. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL <u>NOT</u> BE REVIEWED.** |
|---|---|

## PART VI – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.   that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.   that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.   that the claimant(s) did ***not*** submit a request for exclusion from the Settlement Class;

4.   that I (we) own(ed) the Turquoise Hill Securities identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.   that the claimant(s) has (have) not submitted any other claim covering the same purchases or sales of Turquoise Hill Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf, either in this Action or in any other matter, including the Canadian Class Action;

6.   that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.   that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.   that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

9.   that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____    _____
Signature of claimant                                                                                              Date

_____
Print claimant name here

_____    _____
Signature of joint claimant, if any                                                                           Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____    _____
Signature of person signing on behalf of claimant                                              Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (855) 779-3513.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@TurquoiseHillSecuritiesLitigation.com, or by toll-free phone at (855) 779-3513, or you may visit TurquoiseHillSecuritiesLitigation.com.  DO NOT call Turquoise Hill, Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL OR SUBMITTED ONLINE AT TURQUOISEHILLSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2025**.  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Turquoise Hill Securities Litigation*
c/o JND Legal Administration
P.O. Box 91153
Seattle, WA 98111

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, **2025**, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

**Exhibit A-3**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

IN RE TURQUOISE HILL RESOURCES LTD.
SECURITIES LITIGATION

Case No. 1:20-cv-08585-LJL

---

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:**   All persons and entities who, during the period from July 17, 2018 through July 31, 2019, inclusive (the "Class Period"),

> (a) purchased or otherwise acquired the common stock of Turquoise Hill Resources Ltd. ("Turquoise Hill"),
>
> (b) purchased or otherwise acquired call options on Turquoise Hill common stock;
>
> (c) sold put options on Turquoise Hill common stock, and/or
>
> (d) entered into swap transactions replicating a purchase of Turquoise Hill common stock,

in domestic transactions or on U.S. exchanges, and were damaged thereby (the "Settlement Class")[1]:

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd.,

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").  Capitalized terms not otherwise defined herein shall have the same meaning as in the Stipulation and Agreement of Settlement dated June 17, 2025 ("Stipulation").  Both the Notice and Stipulation are available at TurquoiseHillSecuritiesLitigation.com.

LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio (collectively, "Lead Plaintiff"), on behalf of itself and the Settlement Class, has reached a proposed settlement of the Action for **$138,750,000** in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

The Action involves allegations that Defendants Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), and Jean-Sébastien Jacques and Arnaud Soirat made material misrepresentations and omissions during the Class Period about the business of Turquoise Hill Resources Ltd., including alleged misstatements concerning the development of the Oyu Tolgoi mine in Mongolia and related delays and cost overruns. Lead Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by making these alleged misstatements or controlling Rio Tinto when the misstatements were made. Defendants deny all allegations in the Action and deny any violations of the federal securities laws. Issues and defenses at issue in the Action included, among others, (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.

A hearing will be held on _____, 2025, at __:00 __.m., before the Honorable Lewis J. Liman of the United States District Court for the Southern District of New York, either in person in Courtroom 15C of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, or by video or teleconference, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and the Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator at: *Turquoise Hill Securities Litigation*, c/o JND Legal Administration, P.O. 91153, Seattle, WA 98111; (855) 779-3513; info@TurquoiseHillSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, TurquoiseHillSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form *postmarked* **(if mailed) or online by no later than _____, 2025**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2025**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Turquoise Hill, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

*Turquoise Hill Securities Litigation*
c/o JND Legal Administration
P.O. Box 91153
Seattle, WA 98111

(855) 779-3513
info@TurquoiseHillSecuritiesLitigation.com
TurquoiseHillSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

By Order of the Court

#3706591

# Exhibit B

Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Turquoise Hill Resources Ltd. Securities Litigation*, Civil Action No. 1:20-cv-8585-LJL (the "Action");

WHEREAS, Lead Plaintiff PWCM Master Fund Ltd., Pentwater Thanksgiving Fund LP, Pentwater Merger Arbitrage Master Fund Ltd., Oceana Master Fund Ltd., LMA SPC for and on behalf of the MAP 98 Segregated Portfolio, Pentwater Equity Opportunities Master Fund Ltd., and Crown Managed Accounts SPC acting for and on behalf of Crown/PW Segregated Portfolio (collectively, "Pentwater Funds" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) Defendants Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), and Jean-Sébastien Jacques and Arnaud Soirat (together, the "Individual Defendants" and, with "Rio Tinto," "Defendants," and, with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 17, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on June __, 2025; and (b) the Notice and the

Summary Notice, both of which were filed with the Court on _____, 2025. For the avoidance of doubt, no other filings, memoranda, briefs, or documents—including any memoranda of law submitted in support of preliminary approval—are incorporated herein or made part of this Judgment.

3. **<u>Class Certification for Settlement Purposes</u>** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased or otherwise acquired the common stock of Turquoise Hill, call options on Turquoise Hill common stock (or sold put options on Turquoise Hill common stock), or swaps replicating a purchase of Turquoise Hill common stock, in domestic transactions or on U.S. exchanges, during the Class Period, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and Former Defendants; (ii) Immediate Family Members of any Individual Defendant or Individual Former Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Rio Tinto, RTIH, or Turquoise Hill; (iv) any affiliates or subsidiaries of Rio Tinto, RTIH, or Turquoise Hill; (v) any entity in which any Defendant, Former Defendant, or any member of their Immediate Families has or had a controlling interest; (vi) the legal representatives, heirs, agents, affiliates, successors, or assigns of any such excluded persons and entities; and (vii) any prohibited person or organization who or which is a sanctions target, the subject of any applicable trade sanction or embargo or appears on a list of prohibited persons or organizations. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4. **<u>Settlement Class Findings</u>** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the

Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing;

4

(d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that:  (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

11.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees (including, for the avoidance of doubt, the Former Defendants), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

12.     Notwithstanding paragraphs 11(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14.     **<u>No Admissions</u>** – Defendants deny any wrongdoing, liability, or violation of law or regulation whatsoever, and neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of May 1, 2025, as provided in the Stipulation.

18.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Lewis J. Liman
United States District Judge

#3703155

**Exhibit 1**

[List of Persons and Entities Excluded from
the Settlement Class Pursuant to Request]