## quinn emanuel trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(202) 538-8122**

WRITER'S EMAIL ADDRESS
sarahconcannon@quinnemanuel.com

January 29, 2025

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Defendants' motion to seal is granted for the reasons provided in the letter. The Clerk of Court is respectfully directed to close Dkt. No. 423 and maintain under seal Dkt. Nos. 414 and 424.**

SO ORDERED.

/s/ Lewis J. Liman
LEWIS J. LIMAN
United States District Judge

September 24, 2025

Re:   *In re Turquoise Hill Resources Ltd. Sec. Litig.*, No. 1:20-cv-08585-LJL

Dear Judge Liman:

Pursuant to this Court's order (ECF No. 422) denying without prejudice Defendant's Motion to Seal (ECF No. 419), Rio Tinto plc and Rio Tinto Limited (together, "Rio Tinto"), Jean-Sébastien Jacques, and Arnaud Soirat (collectively, "Defendants") move this Court to redact certain Personal Identifying Information ("PII") and/or commercially sensitive business information contained in **Exhibits L, M, N,** and **O**[1] to the Declaration of Salvatore Graziano (ECF No. 417, "Declaration") in support of Plaintiffs' Motion for Class Certification (ECF No. 416, "Motion").

**Exhibits L, M, N,** and **O** each contain PII that this Court should permit to be redacted, consistent with the Court's prior orders.  *See* ECF No. 297 at 2; *see also* ECF No. 314 at 6-7 (permitting redactions of "names of individuals").  Other portions of **Exhibits L, N, and O** contain confidential and competitively sensitive information, which this Court likewise should permit to be redacted.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices"); *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions

---

[1] Sealed and highlighted versions of **Exhibits L, M, N, and O** are attached hereto as **Exhibits 1, 3, 5,** and **7** respectively.  Redacted versions are attached hereto as **Exhibits 2, 4, 6,** and **8**, respectively.

... would have information sufficient to understand the parties' arguments and the Court's adjudication").[2]

Specifically, **Exhibit L** contains sensitive internal reports and analyses prepared in connection with a review of the Oyu Tolgoi Underground Project ("OTUP") by Rio Tinto's Technical Evaluation Group ("TEG"). Although Defendants do not seek to redact portions of this Exhibit relied upon in the Motion, other internal analyses regarding the OTUP's development schedule reflect competitively sensitive information of the sort that courts routinely permit redaction or sealing of. *See, e.g.*, ECF No. 297 at 2 (permitting redaction of "commercially sensitive information and trade secrets").[3]

**Exhibit N** contains a confidential and sensitive proposal from an innocent third-party contractor regarding the OTUP. Defendants have proposed minimal, narrowly-tailored redactions to portions of this exhibit which are not referenced in the Motion and reflect confidential financial information and detail the contractor's plan for the contemplated engagement. The Court should permit redaction of such sensitive information of innocent third parties. *See Edwards v. Khalil*, 2016 WL 1312149, at *1 n.5 (S.D.N.Y. Mar. 31, 2016) (noting sealing of documents which "contain sensitive and personal information about innocent third parties."); *Vesta Corset Co., Inc.*, 1999 WL 13257, at *1 (S.D.N.Y. 1999) (treating as confidential "information relating to … dealings with a [third party]"); *see also United States v. Basciano*, 2008 WL 123952, at *1 (E.D.N.Y. Jan. 11, 2008); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021).

**Exhibit O** contains sensitive internal communications among Rio Tinto and Oyu Tolgoi employees regarding development strategy for the OTUP, including sensitive and confidential internal analyses by TEG. Defendants' have proposed minimal, narrowly-tailored redactions to portions of this exhibit other than those referred to in the Motion which contain and/or reflect sensitive internal analysis regarding the OTUP. This is precisely the type of competitively sensitive information that courts routinely permit redaction or sealing of. *See, e.g.*, ECF No. 297 at 2 (permitting redaction of "commercially sensitive information and trade secrets"); *see also Telegram Grp.*, 2020 WL 3264264, at *3; *AngioDynamics*, 2021 WL 776701, at *5; ECF No. 314 at 4 (permitting sealing of internal briefing).

For the information that Defendants seek to redact in these exhibits, the confidentiality interest and potential competitive harm they would pose if made public outweighs any public need

---

[2] *See also Falberg v. The Goldman Sachs Grp.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (permitting redaction of confidential "analysis … as well as the details of [third-party] contractual relationships" because "[t]he disclosure of these materials would risk hurting business relationships and chilling . . . open dialogue in the future.").

[3] *See also SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y Apr. 28, 2020) ("The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701, at *5 (N.D.N.Y. Mar. 1, 2021) (sealing "competitively sensitive information about the parties' proprietary product designs, product testing, overall research and development strategies, and specific past and current research and development projects, including budgets, costs, acquisition bids and expenditures, revenues, anticipated timelines, internal competitive analyses and projections"); ECF No. 314 at 4 (permitting sealing of internal briefing).

for access. *See News Corp.*, 2021 WL 3409663, at *2 ("[D]isclosure of . . . competitively sensitive financial information provides no specific benefit to the public, including competitors. The competitive disadvantages … if such information were disclosed outweighs the general public interest in disclosure."); *see also* ECF No. 314 at 5 (permitting sealing of similar documents because "the exhibits contain highly detailed information that is not distant in time" and were "discussing elements of commercial strategy that Defendants contend are sensitive").

The disclosure of this information would be injurious to Defendants. The Oyu Tolgoi mine is an active operating mine, and if the information identified above were to be made public, it could harm Rio Tinto in its negotiations with contractors and other entities and individuals involved in those construction and production efforts. For example, **Exhibit N** contains confidential information of an innocent third-party contractor and reflects Rio Tinto's assessment of business partner proposals and performance. Other exhibits reference technical facets and expenses of the construction of the underground mine, including confidential analysis by Rio Tinto's Technical Evaluation Group. *See* **Exhibits L and O**. The release of the type of information Defendants seek redaction of may tip competitors to Rio Tinto's proprietary strategies and processes and has the potential to cause harm to Defendants now. *See Grand River Enters. Six Nation, Ltd. v. King*, 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009) ("The disclosure of old business information is not necessarily harmless . . . in the hands of an able and shrewd competitor, old data could indeed be used for competitive purposes.").

Further, because Defendants do not seek to redact any portion of the Motion itself in connection with these exhibits—nor to redact any portions of these Exhibits referred to in the Motion—access to the information in these underlying documents that Defendants do seek redaction of is in no way critical to understanding the parties' dispute. *See Dependable Sales & Serv., Inc.*, 311 F. Supp. 3d at 666; *see also Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020).

Defendants also have proposed limited redactions of PII—namely, email addresses, phone numbers, and first and last names—from each of **Exhibits L, M, N,** and **O**. These PII redactions are necessary to protect private and personal information of individuals who are not parties to this litigation. *See* ECF No. 297 at 2; ECF No. 314 at 6-7.

Defendants respectfully request that the Court grant Defendants' motion to redact **Exhibits L, M, N,** and **O**.

Respectfully submitted,

/s/ Sarah Heaton Concannon

Sarah Heaton Concannon

cc:  All counsel of record via ECF

3