**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

**[PROPOSED] ORDER APPROVING**
**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

This matter came on for hearing on October 15, 2025 (the "Settlement Hearing") on Lead Plaintiff's motion to approve the proposed plan of allocation ("Plan of Allocation") of the Net Settlement Fund created under the Settlement in the above-captioned class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) the Notice of the Settlement Hearing (which included a summary of the Settlement as well as the full text of the proposed Plan of Allocation) (the "Notice") was mailed to all Settlement Class Members who or which could be identified with reasonable effort substantially in the form approved by the Court and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 17, 2025 (ECF No. 469-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiff's motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Copies of the Notice, which included the Plan of Allocation, were mailed to over 30,000 potential Settlement Class Members and nominees, and no objections to the Plan of Allocation have been received.

5. The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

7. As provided in the Stipulation, Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing distribution of the Net Settlement Fund to Authorized Claimants from the Escrow Account (the "Distribution"). The Class Distribution Order will include provisions concerning the disposition of any funds remaining as a result of uncashed or returned checks following the Distribution, including through re-distribution to Authorized Claimants or donation to a *cy pres* recipient if further re-distribution would not be cost effective.

8. No later than 21 days after the stale date for checks issued in the Distribution to Authorized Claimants, Lead Counsel will file a Post-Distribution Accounting with the Court, substantially in the form approved by the Northern District of California, https://cand.uscourts.gov/sites/default/files/forms/CAND_Post_Settlement_Distribution_Form_2024-03-12.a.pdf, providing details on the Distribution, including, among other things, the total number and value of payments made and the amount of any uncashed or returned payments. Lead Counsel will publish the Post-Distribution Accounting on the case website, www.TurquoiseHillSecuritiesLitigation.com, and its website, www.blbglaw.com, after its filing.

9. If a second or subsequent distribution to Authorized Claimants occurs, Lead Counsel will file a similar Post-Distribution Accounting with the Court no later than 21 days after the stale date for checks issued in such subsequent distributions (and will publish such Post-Distribution Accounting on the same websites noted above), until Lead Counsel reports that the Net Settlement Fund has been exhausted or a donation to a *cy pres* recipient has been made.

10. Any appeal or any challenge affecting this Order approving the Plan of Allocation shall in no way disturb or affect the finality of the Judgment.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this __23rd__ day of _____October_____ 2025.

_____
The Honorable Lewis J. Liman
United States District Judge