**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TURQUOISE HILL RESOURCES LTD. SECURITIES LITIGATION | Case No. 1:20-cv-08585-LJL |

## ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiff moved this Court for an order approving a Distribution Plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan and the Declaration of Luiggy Segura in Support of Lead Plaintiff's Unopposed Motion for Approval of Distribution Plan ("Segura Declaration");

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of June 17, 2025 (ECF No. 469-1) (the "Stipulation") and the Segura Declaration, and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and the Segura Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

 (a) The administrative determinations of the Court-approved Claims Administrator, JND Legal Administration ("JND"), to accept the Timely Eligible Claims

set forth in Exhibit D to the Segura Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Segura Declaration are adopted.

(b)    The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit F to the Segura Declaration, are adopted.

(c)    JND is directed to conduct an Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 10% reserve from the Net Settlement Fund to address any tax liability or claims administration-related contingencies that may arise.  Specifically, as set forth in paragraph 51(a) of the Segura Declaration:

(1)    JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, JND will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants.

(2)    JND will then eliminate from the Initial Distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00.  These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND.

(3)    After eliminating Claimants who would have received less than $10.00, JND will recalculate the *pro rata* shares of the Net Settlement Fund for

Authorized Claimants who would have received $10.00 or more.  This *pro rata* share is the Authorized Claimant's "Distribution Amount."

(4)    Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full").  These Authorized Claimants will receive no additional funds in subsequent distributions.

(5)    Of the remaining balance of the Net Settlement Fund, 90% will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more.  The remaining 10% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution, including requiring a modification of a Claim's status after consultation with the Claims Administrator and Lead Counsel without necessitating further involvement of the Court.  To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution described in subparagraph (f) below.

(d)    To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."  Lead Counsel and JND are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 51(b) of the Segura Declaration.

(e)    Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 51(b) of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution.  Similarly, Authorized Claimants who do not cash their distribution checks in the Second Distribution or subsequent distributions, should such distributions occur, within the time allotted or on the conditions stated in paragraph 51(b) of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

(f)    After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (as provided in paragraph 51(b) of the Segura Declaration), but not earlier than seven months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds for all void stale-dated checks, after deducting any fees and expenses that JND incurs in administering the Settlement following the Initial Distribution, including its estimated costs of the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves, will be distributed to all Authorized Claimants in the Initial Distribution (other than Claims Paid in Full) who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds.

4

(g)    After the conclusion of the Initial Distribution and thereafter, funds available in the Reserve or as a result of uncashed checks or returned payments may be used to address any claims administration-related contingencies, including those that may require a modification of a Claim's status after consultation with the Claims Administrator and Lead Counsel, without necessitating further involvement of the Court.

(h)    If any funds remain in the Net Settlement Fund after the Second Distribution, additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in intervals of approximately five months until Lead Counsel, in consultation with the Claims Administrator, determines that further distribution is not cost-effective.

(i)    When Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after January 27, 2026, those Claims will be processed, and any otherwise valid Claims received after January 27, 2026, as well as any earlier-received Claims for which an upward adjustment was received after January 27, 2026, will be paid in accordance with subparagraph (j) below.  If any funds remain in the Net Settlement Fund after payment of these Claims and unpaid fees or expenses, they will be contributed to Legal Services NYC.

(j)    No new Claims may be accepted after January 27, 2026, and no further adjustments to Claims received on or before January 27, 2026, that would result in an increased Recognized Claim amount may be made for any reason after January 27, 2026, subject to the following exception.  If Claims are received or modified after January 27, 2026, that would have been eligible for payment or additional payment pursuant to the

5

Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with JND, determines a distribution is not cost-effective as provided in subparagraph (i) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel and to the extent possible, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks.

4.      No later than 21 days after the stale date for checks issued in the Initial Distribution to Authorized Claimants, Lead Counsel will file a Post-Distribution Accounting with the Court, substantially in the form approved by the Northern District of California, available at https://cand.uscourts.gov/sites/default/files/forms/CAND_Post_Settlement_Distribution_Form_2 024-03-12.a.pdf, providing details on the Initial Distribution, including, among other things, the total number and value of payments made and the amount of any uncashed or returned payments. Lead Counsel will publish the Post-Distribution Accounting on the case website, www.TurquoiseHillSecuritiesLitigation.com, and its website, www.blbglaw.com, after its filing.

5.      If a second or subsequent distribution to Authorized Claimants occurs, Lead Counsel will file a similar Post-Distribution Accounting with the Court no later than 21 days after the stale date for checks issued in such subsequent distributions (and will publish such Post-Distribution Accounting on the same websites noted above), until Lead Counsel reports that the Net Settlement Fund has been exhausted or a donation to a *cy pres* recipient has been made.

6.      The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

7.      JND's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit G to the Segura Declaration up to the amount of $400,000 are approved, and Lead Counsel is directed to pay $400,000 out of the Settlement Fund to JND.

8.      Unless otherwise ordered by the Court, JND may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

9.      This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this __2nd__ day of ___March___ 2026.

_____
The Honorable Lewis J. Liman
United States District Judge